| COA's: PD-0575-25 | PD-0576-25 | PD-0577-25 | PD-0578-25 |
|---|---|---|---|
| CCA's: 14-25-00439-CR | 14-25-00440-CR | 14-25-00441-CR | 14-25-00442-CR |
| HC's: 1664326 | 1797634 | 1867242 | 1867243 |

United States Courts
Southern District of Texas
FILED
October 6, 2025
Nathan Ochsner, Clerk of Court

**STATE OF TEXAS** § **FIFTH FEDERAL CIRCUIT COURT OF APPEALS**
§
**v.** §
§
**Ex Parte** §
**DUWAYNE CHARLES SHACKELFORD** §
**SPN#01156562** §

U.S. COURT OF APPEALS
RECEIVED
OCT 06 2025
FIFTH CIRCUIT

**EMERGENCY; AMENDED MOTION TO LEAVE: 28 U.S.C. §2241(c)(3)**

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW, Duwayne Charles Shackelford, SPN#01156562, petitioner, in support of EMERGENCY; §2241(c)(3), has met the two (2) prerequisites of being in custody and exhausted all state remedies. Said restraint of illegal incarceration consists of DOUBLE JEOPARDY AND U.S. CONST. AMEND. VIOLATIONS: 1, 4, 5, 6, 7, 8, & 14. State set for trial with aforesaid "miscarriage of justice" on October 30, 2025. See: Grandberry v Bonner, 653 F. 2d 1010 (5th Cir) were double jeopardy granted relief.

IN SUPPORT OF SAID MOTION AND SHOWS:

## I. BACKGROUND

Petitioner has filed six (6) Art.(s)11.08 Writs of Habeas Corpus but two were denied without an opinion on the merits for all twenty-one (21) properly presented issues containing seventy-one (71) state statutes with twelve (12) federal statute violations by said COA for "lack of jurisdiction", on 7-31-2025. Petitioner filed Motion for Rehearing and plead COA for Habeas to be treated as a Mandamus to compel as a ministerial at, not involving a discretionary or judicial decision. Both were denied, 9-16-2025. Said CCA, dismissed PDR, on 9-17-2025 without an opinion. Furthermore, CCA has jurisdiction of pretrial criminal matters under, TCCP Art. 11.05. See, In re Mendez 2024 Tex. App Lexis 373; In re Ayers, 515 SW 3d 356. Petitioner's brief and Art. 11.08's twenty-one (21) issues contain said state and federal statute violations with recorded exhibits. According to Ex parte Sheffield, 685 SW 3d 86; DOUBLE JEOPARDY, FAILED, AND PROTECTION OF THE ACCUSED SUBSTANTIAL RIGHTS HAVE COGNIZABILITY AND PRETRIAL HABEAS Art.11.08. Instant cause was NOT considered because for over forty (40) years CCA has granted numerous Habeas cases for double jeopardy and constitutional violations. See eg, Ex parte Scelles 511 SW 2d 300 (1974); & Ex parte Marascio, 471 SW 3d 832. Furthermore, limitations claims were barred from prosecution and upheld by the CCA. See State v Schunior, 506 SW 3d 29 (2016). For said reasons, petitioner request for Emergency Relief for the following issues because the state wishes to proceed to trial on October 30, 2025.

## II. COGNIZABLE ISSUES

Petitioners pretrial Art.11.08 and Brief consist of the following:

**ISSUE #1**: **JEOPARDY**; Constitutional issues with TCCP Art. 1.10; US Amend.(s) 5&7; & Art. 1 Sec. 10 Tex. Const. See; St v Bretz, 437 US 2a (1978): (jeopardy attaches ...when the jury is impaneled and sworn in" See Sersass v United States, 420 US at 388, Scelles: states "after jeopardy attaches, any charge which is DISMISSED, WAIVED, ABANDONED OR WHICH IN THE JURY RETURNS ... MAY NOT BE RETRIED" emphasis Id.. In Sheffield, cogniability and pretrial Habeas and double jeopardy bail are accepted for relief for the protection of the accused rights. In instant case the grand jury returned an indictment, DISMISSED, for cause number 17797140101A-3 and contains the same probable cause as the alleged charge as 1797634; on 11-21-2022. Id. Cause number 1779714 was dismissed by two (2) different magistrates, one on 8-12-2022, and another 9-15-2022 meeting TCCP Art. 7.10. See Brief's issue number 14 and argument with exhibit H & I. See State exrel. Holmes v Salinas, 784 SW 2d 421; & Waldrup v State, 2023 Lexis 4318 (where ruling of grand jury and examining where accomplished). Petition had opportunity to be present at set proceedings, but to make matters worse, State court filed certificate of appealability ten (10) days after deadline. State court did not suffer, but petitioner would have if role in submission was reversed. Petitioner requests federal court jurisdiction under two (2) of the three (3) exceptions, because it is exercised only if one (1) applies. See Vice v Louisiana public defender Bd. 677 F. 3d 712, 716 (5th Cir.): a federal court may disregard state criminal prosecution if one (1) the state court proceedings was brought in bad faith or the purpose of harassing the petitioner; all four (4) instant causes with four (4) separate magistrates dismissals, one grand jury dismissal, statute barred allegations, & unwaived amendments to indictments that invade the province of the grand jury's would ostend multiple proceedings of bad faith and harassment; (2) the state statute flagrantly violates constitutional prohibitions as written in as applied in any circumstance (3) application of the state prosecutions doctrine was waive. See Tex. Ass'n of Business Earle, 388 F. 3d 515, 519, (5th Cir. 2004).

Under exception (3) federal Habeas relief is available to a petitioner facing litigation on double jeopardy from a dismissed grand jury, charge that was "impaneled and sworn". "If sole exception to state criminal prosecutions is so because the right to be free from double jeopardy includes not only the right to prevail in subsequent proceedings on constitutional grounds, but also the right to be free from the burdens of the subsequent trial as well.": In case Fain v Duff, 8488 F. 2d 218 (5th Cir. 1973); & Showey v Samaniego 814 F. 2d 200, 210n (5th Cir. 1987). Not granting federal Habeas relief would (1) show prejudice to petitioner placing him in harm of double jeopardy and; (2) resulting in several claims showing "miscarriage of justice" that the petitioner is actually innocent of the crime. See Sawyer v Whitley, 505 US. 333, 112 Sct 2514 120 L ED 2d. 269 (1992). Aforesaid violates: USCA. Amend.(s) 4, 5 & 7: wrongful arrest, due process, same offense charge, & not retried in the US respectedly lifted.

**ISSUE #2**: **STATUE BARRED LIMITAION**: TCCP Art. 12.01 (9)(10); and Art. 27.08(1)(2)(3) according to Texas state statutory laws, there is a two (2) year statute limitation on punishment for trial. The two (2) years start from "claimed discovered date". Said dates are as follows: cause number 1664326 without original witness, not excuted, 12-31-2019: Art. 12.01(10); cause number 1797634 is, 10-18-2021: Art. 12.01(9); and cause number(s) 1867242 & 1867243 (magistrate's dismissals on 5-8-2024), is 9-30-2021: Art. 12.01(10). Petitioner is not

part of three (3) exceptions; Art. 12.01(1)(c )(ii): (1)(c)(i)(a): or (1)(c)(i)(b), which are five (5) or more victims, DNA under investigation, or not matching. Petitioner's instant cause presents before trial. See: Ex parte Edwards, 663 SW 3d 614 (2022). See brief: #1, #4, #8, #10, & #2.

The COA dismissed "for lack of jurisdiction". However, under; TRAP Rule 52.1: commencement; extraordinary relief through Writ of Habeas or Mandamus is given to appeal court; & Tex. Gov.'t Code Ann. Art. 22.221(a)(d): gives them Writ power over commencement by a court, furthermore, CCA has vested jurisdiction for Habeas in criminal matters by TCCP Art. 11.05; & Tx. Const. Art. 5 Sec.16. Aforesaid were dismissed on September, 2025. So CCA's and COA's adjudication on the merits of instant cause is continuing "miscarriage of justice" the state filed four (4) unconstitutional amendments altering the language, one for each of the four causes in instant case. Petitioner was not given recorded notice. He did not accept, nor waive said amendments. Said submissions due violate unreasonable application of established federal law and trial court as well as appellant court abused discretions were based on unreasonable determination of the facts in light of the evidence presented in the state court's proceedings. They invade the province of the grand jury, violating: USCA Con. Amend.(s) 4, 5, & 6; 4, "...no probable cause, supported..."; 5: "...compelled in any criminal case to be a witness against himself... not deprived...due process of law..."; & 6: "...to be informed of the nature and cause of the accusation...". State statute Art. 7.10; magistrate's dismissal bars any further prosecution by the state's representative.

**ISSUE #3: BOND VIOLATIONS;** TCCP Art. 17.151 & U.S. Amend. 8. Id. State has not been ready for trial within ninety days of accused detainment. See Ex parte White, 2008 Lexis 205; were defendant was granted bond. Petitioner has been subjected to cruel and unusual punishment from excessive bail, no bail, and no reduction of bail every ninety days while incarcerated more than two and a half years. Violations: USCA Const. Amend.(s) 5# 8; Art.(s):1.09: 16.61: & 43.24. Under Art. 11.24: bond is excessive, and petitioner is being deprived due course of law under Art. 11.04. Id. See brief: #2 & #13.

**ISSUE #4: ILLEGAL AMENDMENTS TO ALL FOUR CAUSES;** violating TCCP Art. 28.10(c); & US Amend.(s) 4, 5, & 6, Id. Majorly altering the language of the old charge, when petitioner has not waived amendment nor given proper notice of the change do invade the providence of the grand jury. See Ward v State, 829 SW 2d. 787. All amendments were presented and ordered the same day before petitioner's pro se filed objections. Harris County District Clerk's office posted ordered amendments without properly notifying petitioner. State courts "abused its discretion" by sending state's proposed amendments without a waiver from petitioner. According to TRAP Rule 44.2(a); constitutional error, and reference to the record, has merit under color of law. Aforesaid gives federal court jurisdiction from (1) proceedings brought in bad faith & (2) amendments that were contrary to clearly establish federal law.

The trial court's decision was made without reference to any guiding rules {statute} or principles of law, or in other words whether it was arbitrary for unreasonable." Emphasis added; Ex parte Muhammad Id 2022 (TX App. Lexis 1412); Montgomery v State 810 SW 2d 372, 380 (TX Crim. App 1990); & Sawger v Whitley: See Id.

**III.**

Petitioner calls for immediate review due to extraordinary circumstances and pleads for this court to exercise its jurisdiction due to nearly two and a half years of incarceration, no immediate evidentiary hearing, persecutional tactics from "miscarriage of justice", constitutional violations, malicious practices, and dogmatic statute eliminations. A pretrial Habeas Writ is a extraordinary remedy. See, Ex parte Ingram, 533 SW 3d 887, 891 (2017). The function of said Writ is to inquire into the legal restraint being pressed upon the petitioner. It is not to conform to some future restraint that may or may not be given.

WHEREFORE, petitioner respectfully prays that the federal court grants relief due to double jeopardy and illegal confinement. Grant petition to stay, bond, and expunge as a finality in behalf of petitioner.

**INMATE DECREE**

I, Duwayne Charles Shackelford, SPN# 01156562, presently incarcerated in Harris County jail, Harris County, Tx, declare under penalty of perjury that the foregoing is true and correct.

Executed On 10-2-2025

"Without prejudice UCC 1-308"

[signature]

DUWAYNE CHARLES SHACKELFORD

FILED
COURT OF CRIMINAL APPEALS
8-15-2025
DEANA WILLIAMSON, CLERK

PD-0575-25; PD-0576-25; PD-0577-25; PD-0578-25

**CAUSE NUMBER(S):166432601010, 179763401010, 186724201010, 186724301010; 14-25-00439-CR, 14-25-00440-CR, 14-25-00441-CR, 14-25-00442-CR**

| | | |
|---|---|---|
| **EX PARTE** | § | **COURT OF CRIMINAL APPEALS** |
| **DUWAYNE CHARLES SHACKELFORD** | § | |
| **SPN#01156562** | § | |
| | § | |
| | § | **AUSTIN, TEXAS** |

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 11 2025
Deana Williamson, Clerk

**DISCRETIONARY REVIEW WITHOUT PETITION; UNDER TRAP 67.1 & 68.2(a)**

COMES NOW, DUWAYNE CHARLES SHACKELFORD, SPN# 01156562, Defendant was just issued a dismissal from COA for lack of jurisdiction as of July 31, 2025. Currently, defendant is incarcerated under restraint and illegal incarceration for double jeopardy, and constitutional violations I, IV, V, VI, VII, VIII & XIV. Defendant requests for Discretionary Review for rules 72.1 and rule 67.1; 68.2(a) under TRAP. In support of motion and shows:

**I.**

Defendant filed brief with Court of Criminal Appeals 14th in a timely manner.

**II.**

**PRAYER**

WHEREFORE, defendant prays for the court issue discretionary review under 67.1;68.2(a) & 72.1 an Emergency Stay in behalf of the defendant.

Respectfully Submitted this 31st day of July 2025.

DUWAYNE CHARLES SHACKELFORD

**INMATE DECREE**

I, Duwayne Charles Shackelford, SPN#01156562, presently incarcerated in Harris County jail, Harris County, Texas, declare under penalty and perjury that the foregoing is true and correct.

Executed on July 31st, 2025

DUWAYNE CHARLES SHACKELFORD

**Cause Number(s): 166432601010, 179763401010, 186724201010, 186724301010**
**14-25-00439-CR, 14-25-00440-CR, 14-25-00441-CR, 14-25-0042-CR**

| | | |
|---|---|---|
| **In Re** | § | **COURT OF CRIMINAL APPEALS** |
| **DUWAYNE CHARLES SHACKELFORD** | § | **IN AUSTIN, TEXAS** |
| **SPN# 01156562** | § | |
| | § | |
| | § | |

# MOTION TO LEAVE UNDER 72.1; EXTRAORDINARY MATTERS

Comes now, Duwayne Charles Shackelford , SPN# 01156562, Defendant, has exhausted all State remedies and is currently incarcerated under restraint and illegal incarceration from double jeopardy and Constitutional violations I, IV, V, VI, VII, VIII & XIV. Defendant requests Discretionary Review for rule 72.1 under T.R.A.P. in support of aforesaid motion and shows:

I.

In TRAP; under Rule 66 for review in general under rule 66.3; are "reasons for granting review." C.O.A. dismissed for lack of jurisdiction without receiving appellant's response to State's answer. Appellant never received State's answer nor was given an opportunity to object. C.O.A.'s answer was before appellant's due date for reply. See; In re Mendez, 2024 Tex. App. Lexis 373, (where Habeas Corpus jurisdiction in criminal matters is vested in the Court of Criminal Appeals). Also, In re, Ayers, 515 S.W. 3d.356; & T.C.C.P Art. 11.05 (Writ authority); Tex. Const. Art. Sec 16 Rule 66 Discretionary Review in general under 66.3 (c) "conflict with the applicable decisions of the Criminal Court of Appeals..." unconstitutional (d) "rather a Court of Appeals has declared a statute, ...unconstitutional, or misconstrued a statute, ruled, ..." however, under (f) "whether a Court of Appeals has so departed from the accepted and usual course of judicial proceedings, or so forth sanctioned such as a departure by a lower court.

II.

Section. Petitioner exercises the Court of Criminal Appeals power of supervision according to T.R.A.P. Rule 31.1 when written notice of appeal from the judgement or order in a Habeas Corpus or bail proceedings is filed the trial court clerk must prepare and certify the clerk's record. According to T.C.C.P. Art. 44.02 Defendant may appeal any criminal action that has a right of appeal before the defendant who has been convicted has permission of the court except on matters which have been raised by written motion filed prior to trial.

III.

Defendant's two (2) Writs of Habeas Corpus pretrial motions where filed March 16, 2025 and April 4, 2025 however, HCDC's office did not present said motions to court until April 25, 2025. Defendant has had four (4) court appointed attorneys vacate since April 2023. Defendant has filed five (5) Writs of Habeas Corpus. To date they are suspended and unanswered violating T.C.C.P. Art. 1.08: Art. 11.60; Art. 11.61; & Art. 11.64.

Defendant's Habeas presents jeopardy, state barred limitations, meritless refiling, barred amendments, and illegal incarcerations. All Writs were presented under Color of Law; Title 42 ch. 21: See 1986; & with U.S.C.A. Const. Amend.(s) I, IV, V, VI, VII, VIII, & XIV violations.

Defendant's Denied Writs were under Color of Law trial court denied two (2) Writs May 1, 2025 without consent his of counsel. Current counsel has failed to answer any phone calls or exchange all contact information. To date, current counsel does not have voicemail, alternate number, email, mailing address, or any means of two-way communication. CPC "phone and visit restrictions" order executed on September 3, 2024. The Tenth Court of Appeals have held "defendant hybrid representation for that one motion. Thus if the court rules on a pro se motion even though it did not have to considered the motion its ruling is subject to review on appeal" it is a valid and effective as any motion filed by his attorney; See Robinson v. State, 240 S.W. 3d. 919 (2007); adapt reasoning of Meyer v. State, 27 S.W. 3d. 644 (2000) Tenth Court thus created a rule of "implied only" hybrid representation in order to resolve cases such as instant cause. Defendant has presented over seventy-one state statutes violations and over twelve federal statute violations see Brief filed with Fourteenth COA June 16, 2025.

IV.

PRAYER

Wherefore, Defendant prays that the court issues Discretionary Review; under TRAP Rule 66.3 (c)(d)(f) dismisses all four (4) pending barred allegations and expunge in behalf of the defendant. Respectfully Submitted this 31st day of July 2025.

INNMATE DECREE

I, Duwayne Charles Shackelford, SPN#01156562, presently incarcerated in Harris County Jail, 1200 Baker St, J21-W Houston, TX, 77002, declare under penalty and perjury that the foregoing is true and correct.

[signature]

Duwayne Charles Shackelford

Executed On 7-31-2025

**CAUSE NUMBER(S):166432601010, 179763401010, 186724201010, 186724301010; 14-25-00439-CR, 14-25-00440-CR, 14-25-00441-CR, 14-25-00442-CR**

| | | |
|---|---|---|
| **EX PARTE** | § | **COURT OF CRIMINAL APPEALS** |
| **DUWAYNE CHARLES SHACKELFORD** | § | |
| | § | |
| | § | |
| | § | **AUSTIN, TEXAS** |

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 11 2025
Deana Williamson, Clerk

# PETITION FOR STAY PENDING WRIT HABEAS APPEAL; UNDER T.C.C.P. ART. 45 A.204

**TO THE MOST HONORABLE JUDGE OF SAID COURT,**

**COMES NOW, Duwayne Charles Shackelford, defendant, in support of effect of appeal; under T.C.C.P. Art. 45A.204. In support of motion and shows:**

**I.**

**Defendant filed "Notice of Appeal" on May 15, 2025. A untimely Certificate of appealability was filed ten (10) days late on June 9, 2025, due date was May 30, 2025. Due to, TRAP Rule 40.2; "...for administration of justice." See Ex Parte Sheffield, 685 S.W. 3d. 86 (Automatic Stay for cases of indictment). Defendant's Habeas includes jeopardy.**

**II.**

**Under: Art. 45 A.204 defendant filed twenty-one (21) constitutional violations that include jeopardy, bond, and statute barred prosecutions: See Writ filed 5-28-2025. Due to said statute, the effect of appeal, "all further proceedings shall cease". Id.; See; Ex Parte Doster, 281 S.W. 3d. 110 (were Habeas denied but Stay granted).**

**WHEREFORE Defendant has filed due to Automatic Stay granted with "Notice of Appeal." Defendant respectfully afford be granted in behalf of defendant.**

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN# 01156562, presently incarcerated in Harris County Jail, 1200 Baker St., Houston, Tx, declare under penalty and perjury that the foregoing is true and correct.

EXECUTED ON 7-31-2025

Duwayne Charles Shaskelford

# ORDER

On this the ___ day of July 2025 comes to be heard Defendant's motion and it appears to the court that it should be:

______________________________ GRANTED

______________________________ DENIED

and it is so ordered.

______________________________
JUDGE

**Cause Number(s): 166432601010, 179763401010, 186724201010, 186724301010**

Amended

| | | |
|---|---|---|
| IN RE<br>DUWAYNE CHARLES SHACKELFORD<br>SPN# 01156562 | §<br>§<br>§<br>§<br>§ | 14TH COURT OF APPEALS |

U.S. COURT OF APPEALS
RECEIVED
OCT 06 2025
FIFTH CIRCUIT

**14-25-00439-CR, 14-25-00440-CR, 14-25-00441-CR, 14-25-00442-CR**

United States Courts
Southern District of Texas
FILED
*October 6, 2025*
Nathan Ochsner, Clerk of Court

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 11 2025
Deana Williamson, Clerk

# BRIEF

**ORAL ARGUMENT (NOT REQUESTED)**

# A.

## IDENTITY OF PARTIES IN COUNSEL

Harris County District Attorney's Office
c/o Gordon
1201 Franklin
Houston, Tx 77002

Honorable Lori Chambers-Gray
Court No. 262
15th Floor
1201 Franklin
Houston, Tx 77002

Harris County District Clerk's Office
c/o Marilyn Burgess
1201 Franklin
6th Floor
Houston, Tx 77002

**Assigned Counsel:**

Wilvin J. Carter, Attorney/
Houston, Tx 77002
Bar Number 01228239
carterlawpc@gmail.com
(713) 454-9890

**Inmate:**

Duwayne Shackelford, spn# 01156562 (Petitioner)
1200 Baker St., 2J1-W
Houston, Tx 77002

**ORAL ARGUMENT (NOT REQUESTED)**

# B.

## TABLE OF CONTENTS

A. IDENTITY OF PARTIES IN COUNSEL, COUNSEL, PETITIONER .................. 1
B. TABLE OF CONTENTS .................................................................. 3
C. INDEX OF AUTHORITIES .............................................................. 4-5
D. STATEMENT OF THE CASE .......................................................... 6
E. ORAL ARGUMENT (NOT REQUESTED) ........................................ 2,7
F. ISSUES PRESENTED 1-21 .............................................................. 8-9
G. STATEMENT OF FACTS ................................................................ 10
H. SUMMARY OF THE ARGUMENT .................................................. 11
I. ARGUMENT .................................................................................. 12-19
J. EXIHIBITS A-N ............................................................................. 20
K. PRAYER ......................................................................................... 21

# C.

## INDEX OF AUTHORITIES


| | | | Page Number(s) |
|---|---|---|---|
| 1. | Tex. Code Crim. Proc. Art. | 1.04 | |
| 2. | Tex. Code Crim. Proc. Art. | 1.08 | |
| 3. | Tex. Code Crim. Proc. Art. | 1.09 | |
| 4. | Tex. Code Crim. Proc. Art. | 1.10 | |
| 5. | Tex. Code Crim. Proc. Art. | 7.10 | |
| 6. | Tex. Code Crim. Proc. Art. | 7.17 | |
| 7. | Tex. Code Crim. Proc. Art. | 11.01 | 8, 14 |
| 8. | Tex. Code Crim. Proc. Art. | 11.14 | |
| 9. | Tex. Code Crim. Proc. Art. | 11.15 | |
| 10. | Tex. Code Crim. Proc. Art. | 11.24 | |
| 11. | Tex. Code Crim. Proc. Art. | 11.60 | 8, 14 |
| 12. | Tex. Code Crim. Proc. Art. | 12.01(1)(C)(ii): (1)(C)(i)(a): (1)(C)(i)(b) | |
| 13. | Tex. Code Crim. Proc. Art. | 12.01(7)(8)(9) | |
| 14. | Tex. Code Crim. Proc. Art. | 12.06 | 8,14,15 |
| 15. | Tex. Code Crim. Proc. Art. | 12.07 | |
| 16. | Tex. Code Crim. Proc. Art. | 16.21 | |
| 17. | Tex. Code Crim. Proc. Art. | 20A.301-302 | 8, 14 |
| 18. | Tex. Code Crim. Proc. Art. | 21.13 | |
| 19. | Tex. Code Crim. Proc. Art. | 21.19 | |
| 20. | Tex. Code Crim. Proc. Art. | 22.011 | |
| 21. | Tex. Code Crim. Proc. Art. | 22.02 | |
| 22. | Tex. Code Crim. Proc. Art. | 25.01 | 8, 14 |
| 23. | Tex. Code Crim. Proc. Art. | 25.02 | 8, 14 |
| 24. | Tex. Code Crim. Proc. Art. | 27.08(1)(2)(3) | 8, 12 |
| 25. | Tex. Code Crim. Proc. Art. | 28.10(c) | 8, 12 |
| 26. | Tex. Code Crim. Proc. Art. | 43.24 | |
| 27. | Tex. Const. Art. | 1, subsection 10 | 8, 12, 13 |
| 28. | Tex. Const. Art. | V, subsection 10 | 8, 12 |
| 29. | Tex. Const. Art. | 1, subsection 11b | 12 |
| 30. | Tex. Const. Art. | 1, subsection 13 | 16 |
| 31. | Tex. Const. Art. | 1, subsection 14 | |
| 32. | T.R.E. Art. 802 | | |
| 33. | U.S.C.S. Const. Amend. | IV | 16 |
| 34. | U.S.C.S. Const. Amend. | V | 8,9,12,13,14,15 |
| 35. | U.S.C.S. Const. Amend. | VI | |
| 36. | U.S.C.S. Const. Amend. | VII | 14 |
| 37. | U.S.C.S. Const. Amend. | VIII | 9,14,16 |
| 38. | U.S.C.S. Const. Amend. | XIV | 8,9,12,13,14,15 |

# C.(cont.)


| | | | Page Number(s) |
|---|---|---|---|
| 1. | Adams v. State, 707 S.W. 2d 900 | ............................ | 12 |
| 2. | Allen, 570 S.W. 3d @ 799 | ............................ | 15 |
| 3. | Brown v. Ohio, 432 US 161 (1977) | ............................ | |
| 4. | Cantu v. State, 939 S.W. 2d 627, 645 (Tx Crim App 1997) | ............................ | 16 |
| 5. | Clifton v. State, 2023, Tex App | ............................ | 15 |
| 6. | Crist 437 U.S. At 36, 98 S ct @ 2161 | ............................ | 15 |
| 7. | Exparte Edwards, 663 S.W. 3d 614 | ............................ | |
| 8. | Exparte Goodman, 152 S.W. | ............................ | |
| 9. | Exparte Scelles, 511 S.W. 2d 300, 301 (Tex Crim App 1974) | ............................ | 15 |
| 10. | Exparte Willis, 2018 Tx. App Lexis 1876 | ............................ | 15 |
| 11. | Flowers v. State, 815 S.W. 2d 724 | ............................ | 12 |
| 12. | Konchar v. State, 938 S.W. 2d 500 | ............................ | |
| 13. | Meadoux v. State, 325 S.W. 3d. 189, 193 (Tex. Crim. Appeals App 2010) | ............................ | 16 |
| 14. | Perez v. State, 429 S.W. 3d 639 (2014) | ............................ | |
| 15. | Serfass v. United States, 420 U.S. @ 388 | ............................ | 15 |
| 16. | Sherar v. Cullen, 481 F. 945 | ............................ | |
| 17. | State v. C.J.F., 183 S.W. 3D 841 | ............................ | 15 |
| 18. | U.S.C. Martin Linen Supply Co. 430, U.S. 564, 569 | ............................ | 15 |
| 19. | Ward v. State, 829 S.W. 2d 787 | ............................ | |

# D.

## STATEMENT OF THE CASE

Duwayne Shackelford, Petitioner, pleads for the justice of due process vindications. There have been four (4) separate alleged offenses initiating with the first from six (6) years ago which have horrifically transcended to an onslaught of malicious legal proceedings. These legal proceedings have violated the petitioner's Constitutional rights, and he respectfully asks this court to consider and grant this brief.

E.

## ORAL ARGUMENT

ORAL ARGUMENT (NOT REQUESTED)

# F.

## ISSUES PRESENTED

1. Trial court abused its discretion by granting State's "Motion to Leave to Amend Indictment," on November 15, 2023, changing offense date from 12-31-2019 to 9-17-and 27.08(2); Art. V, subsection 10; Art. 1, subsection 10: U.S.C.S. Constitutional Amendment(s) (V & XIV).

2. Trial court abused its discretion by ruling a "No Bond" for cause number 166432601010, after State filed "Motion to Revoke..." for cause number 179763401010 that was ruled upon and dismissed.

3. Court failed to respond and abused its discretion by denying "Motion to Dismiss" for violations under 28.10(c) and 27.08(2) for cause number 166432601010 filed 12-1-2023.

4. Court abused its discretion by failing to accept documents and proof of defective charging instrument on cause number 166432601010, that was initially set for trial 1-17-2023, but States' witness, S. Hester, did not and was not present nor respond to subpoena for 12-31-2019 alleged statement of address validity U.S.C.S. Constitutional Amendment VI.

5. Court failed to respond nor hold Evidentiary hearing, Art. 11.01 pretrial writ, that was properly filed with the County Clerk on 5-11-2023 for cause number 179763401010; containing Constitutional violations: U.S.C.S. Constitutional Amendment(s) V & XIV.

6. Court failed to respond to pro se "Motion to Expunge," and pro se "Motion to Quash" filed 6-6-2023, under cause number 179763401010; Art. 11.60; Art, 25.01; Art. 25.02; and U.S.C.S. Constitutional Amendments V & XIV.

7. Court abused discretions by failing to execute Art. 11.01 Writ filed under cause number 179763401010 within thirty-five (35) days; Art. 11.60 violation Petitioner filed "Motion to Dismiss with Prejudice," 6-20-2023.

8. . Court abused its discretion by failing to grant "Motion to Dismiss", filed under cause number 179763401010 for a cause number presented and dismissed twice by Magistrate, cause number 177971401010 on 8-12-2022 and 9-15-2022, and Grand Jury on 11-21-2022 for cause number 17797140101A-3 for same charge, probable cause, police report: Art. 12.06; and Art(s). 20A, 301-302. U.S.C.S..Constitutional Amendment(s) V & XIV violations.

9. Court abuses its discretion by combining two different, separate alleged offenses for one trial Failing to Comply under cause number 166432601010 dated 2019 and Sexual

Assault, under cause number 179763401010 dated 2021. These are over two years apart, "please refer to Issues #2 and #4; trial date and bond removal."

10. State used three (3) malicious prosecution attempts to charge Petitioner for the same offense. First two had the same cause numbers that the State appealed. However, the third attempt was intentionally unpublished and submitted without any reference to the (two) previous dismissals. The same probable cause, police report, and alleged offense was reviewed and ruled upon by Magistrate and Grand Jury.

11. Petitioner has been stalked by Complainant. Furthermore, his family/clients are still being stalked by Complainant while Petitioner is incarcerated. Please see police report HPD report number 1180155-23. State refuses to file charges.

12. Petitioner U.S.C.S. Constitutional Amendment IV for wrongful arrest on a charge that was dismissed at the highest level in pretrial. Petitioner has exhausted all remedies at pretrial, by filing all motions and several pleas to the District Court.

13. Court abused its discretion by failing to reduce bond under cause number 179763401010 from $500K and reinstate personal non-arrest bond of $2500 from cause number 166432601010 posted three years ago. State filed motion to revoke for alleged charge that was dismissed twice and then maliciously filed a third: U.S.C.S. Constitutional Amendment VIII, violation.

14. Double jeopardy exists for cause number 179763401010. This cause number contains the same probable cause and alleged charge as 177971401010; Magistrate dismissed 8-12-2022. Magistrate dismissed State's reinstate motion 9-15-2022, and Grand Jury dismissed cause number 177971401010 on 11-22-2022: U.S.C.S. Constitutional Amendment(s) V & XIV violations.

15. Petitioner filed "Motion to Dismiss" for statute barred limitations which are recorded with Harris County District Clerk.

16. Petitioner filed over thirty-five (35) motions with Harris County District Clerk with two (2) Habeas Corpus pretrials that were not answered and suspended.

17. Petitioner was not properly arraigned in front of a magistrate before brought to Harris County.

18. State filed four (4) amendments to all statute barred causes in instant cause. State added different dates of alleged offense(s) and more details to probable cause(s).

19. Petitioner was illegally placed on phone restrictions and sole confinement for twenty-four (24) hours without violating any penal codes or laws.

20. Petitioner properly filed "Motion to Quash"; State is barred under law to pursue a conviction.

21. Petitioner is being illegally confined for a "NO BOND" from barred charge(s).

# G.

## STATEMENT OF FACTS

Petitioner's cause number 166432601,010 was not properly served and recorded from Grand Jury's presentment January 2020. This cause was set for trial January 17, 2023. The State's witness did not answer subpoena, nor was present on this date. The State filed a "Motion to Revoke', on posted on his non-arrest bond on this date of trial. Said motion consisted of a different alleged indictment cause number 179763401010 that was dismissed twice (2) under cause number 177971401010, 8-12-2022 and 9-15-2022. The Magistrate dismissed the State's "Motion to Reinstate" on 9-15-2022. The State filed with the Grand Jury on 11-20-2022, the same probable cause, and police report. The Grand Jury dismissed the indictments as well on 11-21-2022, cause number 17797140101A-3. The State filed the same probable cause, and police report a third time, 12-5-2022. This third filing was unpublished, not like the previous two (2), had no reference to the submitted two (2) dismissals, cause number 179763401010. Petitioner was placed in custody 4-24-2023. Assigned counsel filed a "Motion to Quash" on 9-18-2023 on cause number 166432601010 for defective charging instrument. The State filed amended motion changing the alleged offense date for cause number 166432601010. Petitioner properly filed Writ of Habeas Corpus and motions to bring said matters to assigned court and all matters were ignored and not answered. Petitioner has exhausted all immediate remedies. State filed two (2) more barred charges in May of 2024.

# H.

## SUMMARY OF ARGUMENT

Petitioner was set for trial for an inadequate charging instrument that was never properly filed, served nor recorded. This inadequately prepares counsel for an improper defense. The records support this objection here in pretrial. States witness failed to support said instrument for cause number 166432601010 by not being present for trial. So, State revoked bond with malicious prosecutional misconduct from another different cause number 179763401010 that fulfills the double jeopardy clause from an "in panel and sworn jury." The Grand Jury concurred with the Magistrate's dismissal and recorded this with the Harris County Clerk, 11-21-2022. However, the State refiled a third time as if it were a new case with a new offense that was never ruled upon. The State recorded an amendment under clause number 166432601010 that creates a different occurrence or incident than that was originally alleged in the indictment. Petitioner has been denied any Grand Jury review for an alleged offense that he has proven to be NOT true by state identification, witness, documents for the cause number 166432601010. The two major occurrences for the cause numbers are violations to what our Constitution was written and established for since 1829. Petitioner pleads with this court to grant this Brief, because these violations are based under statutes, not discretions. State added two (2) more that were dismissed by magistrate for "lack of probable cause".

# I.

## ARGUMENT

**ISSUE 1.:** See exhibits E, L, M, G

Petitioner filed:" Motion to Dismiss" on 12-1-2023 for cause number 166432601010, within ten (10) days after 11-15-2023 hearing objecting to amended indictment. The original indictment presented to the Grand Jury stated on offense was committed on 12-31-2019 probable cause. However, the amended motion to leave state's a different date and time 9-17-2019. See; Flowers v. State, 815 S.W. 2d 724; where it states, I quote ...changing an element such as the owner, changes the evidence needed to prove the offense. If such an amendment is made on the basis of the same incidence upon which the original indictment is based, it will, in most cases, be permissible under substantial rights provision after a review of the record for prejudice. See, Adams v. State, 707 S.W. 2d 900. Exacting rights may be "substantial in a given case will depend on the circumstance of the case. Of course, it is possible that an amendment such as the changing of the owner might reflect an entirely different incident the basis for the allegations. If this were so, the "substantial rights" provision of Art. 28.10(c) would be implicated to protect the defendant, and the rights of the indictment by the Grand Jury. Art. V subsection 10 might be implicated. For example, if the record shows that the amendment is made so as to charge "a different occurrence or incident" than that originally alleged indictment, the substantial rights of the defendant would be prejudiced in part because he has been denied any Grand Jury review of the offense as required by Art. 1 subsection 10," U.S.C.S. Constitutional Amendment(s) V & XIV. Petitioner also state statute violations Art. 27.08(2) "...that it appears from ..., that the offense was committed after the findings of the indictment; "Reasons for filing said motions. Again, I quote "a different occurrence or incident" than the originally allege in the indictment, the substantial rights of the defendant would be prejudice in part because he has been denied any Grand Jury of the offense as required by Art. 1, subsection 10. Before my September 2019 birthday. I registered my address and update my Texas driver's license. See exhibit G. This would verify and document the year of 2019 allege statement date that was presented to the Grand Jury for 12-31-2019 was three months later than the alleged amendment date of 9-17-2019. See exhibit L and M. Petitioner has proof of the address, proof of payments to landlord, neighbors as witness, insurance references of policies held at the time, and bank statements. Exhibit G must be mailed to registered address. If Petitioner did not live there, it would be against the law to possess mail or tamper with mail from registered address.

**ISSUE 2:**

Trial court abused its discretion by ruling a "no bond" for conditions under Tex. Const. Art. 1, subsection 11b; "...violated a condition of release related to safety of a victim of the alleged offense, or to safety of the community." Petitioner was not charged with

safety of victim if the charge was failure to comply nor was the safety of the community at risk because alleged charge, cause number 179763401010, was presented and ruled upon previously by the Grand Jury, cause number 17797140101A-3, see exhibit H. Petitioner has never jumped bail and was present for every court date. State filed "Motion to Revoke" under cause number 166432601010 and awarded "No Bond" from cause number 179763401010. The record shows Petitioner was present for over three (3) years under cause number 166432601010 on bond before it was revoked in January 2023. Potentially, if alleged violations never existed, bond conditions under cause number 16643261010 was not violated. Monitor or restrictions was never given nor suggested.

**ISSUE 3.:** See Exhibit E

Petitioner filed "Motion to Dismiss: under cause number 166462601010 within ten (10) days, objecting to the amendment the State filed. The court failed to respond to a properly filed motion with the county clerk's office. Record reflects filing on 12-1-2023. Petitioner's motion has merit and reveals State's statute violations. To date, district court has abused their discretion by failing to rule or dismiss a legitimate and properly addressed motion. Assigned counsel, Joseph Ward, stated that Judge Lori Chambers-Gray mentioned, "it is a technicality." Petitioner assumes it does not matter that state statutes and constitutional violations are evident; U.S.C.S. Constitutional Amendment(s) V & XIV; Art. 1, subsection 10; & Art. V subsection X. State wanted trail for both causes at the same time. Regardless that the times of two alleged indictments are two years apart. Having both at the same time would NOT be impartial, but unfair. Id. U.S.C.S. Constitutional Amendment(s) V & XIV.

**ISSUE 4.:** See Exhibit G

State's witness did not respond to subpoena and was not present on 1-17-2023, trial date. S. Hester, landlord for resident, filed for an eviction with the Harris County Precinct Office that was served to Petitioner at the residence by a county peace officer. Ms. Hester gave a statement that was used for cause number 166432601010, but State indicated through initial indictment that Petitioner NEVER lived at exhibit G. Petitioner moved form location at a much later date. After state discovered that Petitioner could and did validate address, before 1-17-2023 trial date, cause number 179763401010 was filed to revoke bond and possibly attempt to convict Petitioner. The record reveals non-returned subpoena and exhibit reveals proof of residence. HPD division did verity and confirm for "2019" calendar date. Petitioner did not have the opportunity to confront State's witness. Violation: U.S.C.S. Const. Amend. VI.

**ISSUE 5.:** See Exhibit(s) C, H, & I

Petitioner properly filed Tex. Crim. Code Proc. 11.01, Writ of Habeas Corpus on 5-11-2023, for cause number 179763401010. In said motion, Petitioner respectfully requested bond reduction and Evidentiary hearing, due to U.S.C.S. Const. Amend.(s) V, VIII, & XIV; and violations. In said motions section III, Petitioner explains the meritless refiling with cause numbers and malicious prosecution that continues to cause unusual punishment, to date, it has been eight (8) months since said filed Art. 11.01 and state statute Art. 11.60 requires execution within thirty-five (35) days. To date, an Evidentiary hearing has not been conducted, and assigned counsel stated that cause number 179763401010 had NOT been dismissed by Magistrate twice (2) nor the Grand Jury; see exhibit I. Previously, assigned defense counsel Edward A. Casanova, 1201 Mercury Drive, Ste. A. Houston, Tx 77029, @ edward.casanova.520@gmail.co, states to Petitioner and family that this cause number was NEVER presented to the Grand Jury; see exhibit H. U.S.C.S. Const. Amend. VII, ineffective counsel.

**ISSUE 6.:** See Exhibits A & B

Petitioner filed motions "...Motion to Quash", & "....to Expunge", to be executed with Issue #5, Art. 11.01, Petitioner wanted said motions filed before assigned district court, would have conducted an Evidentiary hearing before (35th) day deadline, to date, these two motions have been ignored and not answered. Petitioner provided record reflections and pleadings with the court, to have ALL three (3), two said and one 11:01 Writ, to be ruled and GRANTED. However, the court abused its discretion and district attorney's office have dishonored Petitioner's law given rights for immediate relief. An Evidentiary hearing has been denied and the onslaught of Constitutional violations on State and Federal levels continue to date. Petitioner has yet to be served indictments for cause number 179763401010 and 166432601010; Art. 25.01 and Art. 25.02, not serving these would impair a proper defense trial. Petitioner has been incarcerated for over eight (8) months and yet to be served any official indictments. Harris County District Clerk's Office Marily Burgess records reveal and confirm no such returned documentation.

**ISSUE 7.:** See Exhibits D, H, & I

Petitioner filed "Motion to Dismiss with Prejudice," exhibit D, on 6-20-2023. This was in response to the two issues previously presented in Issue #5 & #6; violations for Art.(s) 11.01; 11.60; 25.01; & 25.02. Petitioner explains chain of events for cause number 177971401010. The Magistrate dismissed indictment on 8-12-2022. The State appealed by filing a "Motion to Reinstate", on 9-14-2022. The Magistrate dismissed said motion on 9-15-2022; see exhibit I, on 11-21-2022, the same probable cause and police report was filed and presented to the Grand Jury; abiding by Art. 12.06; see exhibit H. The Grand Jury ruled and dismissed cause on 11-21-2022. Art. 12.06; states "at least NINE grand jurors concur in finding the bill, " ...The state will prepare the indictment and deliver it to the grand jury foreman." See: Tex. Code Crim. Proc. Arts. 20A, 301-302; Clifton V. State, 2023 Tx App.; Allen, 570 S.W. 3d at 799. An indictment is considered

presented "when it has been duly acted upon by the grand..." Id. Art. 12.06; U.S.C.S. Const. Amend.(s) V & XIV, due process violations because the Grand Jury dismissed the cause.

**ISSUE 8.:** See exhibits F, J, & K

The court abused its discretion by failing to GRANT the last motion filed by the Petitioner, "Motion to Dismiss" under cause number 179763401010; see exhibit F. Petitioner has exhausted all NON-DISCRETIONARY PLEADINGS WITH THE DISTRICT COURT. Petitioner's supports previous issued #7, to minimize redundancy states that this is a sworn in Grand Jury. In State v. C.J.F 183 S.W. 3d 841; "...the rule that jeopardy attaches when the jury is in panel and sworn is an integral part of the Constitutional Guarantee against double jeopardy Id A defendant is now within the protection of the Constitution Guarantee against double jeopardy, because the right lies at the foundation of the federal rule that jeopardy attaches when the jury is in panel and sworn. See Christ 437 U.S.C.S. at 3698 S. Ct. at 2161; United States v Martin Linen Supply Co. 430, U.S. 564, 569; Serfass v. United States, 420 U.S. at 388. After jeopardy attaches any charge that is DISMISSED, waive, abandoned..., may NOT be retried. [REFILED]; Exparte Scelles, 511 S.W. 2d 300, 301 (Tex. Crim. App. 1974). Petitioner quotes in Exparte Willis, 2018 Tex. App. Lexis 1876; "Texas Court of Criminal Appeals has stated: ...jury "must" be empaneled or sworn; evidence was offered or received, ...". The Grand Jury is sworned and empaneled and the State is in clear violation. State filed the same probable cause; see exhibits J & K, without any NEW evidence nor NEW probable cause a third time unpublished, current cause number 179763401010 to have another cause assigned as if NEVER ruled upon. Petitioner has been stalked by complainant and his family/clients are still being stalked while Petitioner is still incarcerated. Please see Police report, Houston Police Department number 1180155-23.

**ISSUE 9.:**

Petitioner pleads with this court, because he was recently informed by current counsel Joseph Ward that the court and state are going to trial on both cause numbers on the same date. Mr. to be used by State and court will be going to trial at the same time with cause numbers 179763401010 and 166432601010. If so, this will not be a impartial trial. Complainant for cause number 179763401010 has stalked Petitioner for years to initiate and cause the cause number 166432601010 to be falsely filed by landlord. See HPD police report number 1180155-23. Said report reveals Complainant illegally assessing Petitioner's family member's medical reports and appointments. Complainant was waiting in Medical office of petitioners family member to arrive and confront. Hospital police staff escorted Complainant out of the building and away from Petitioner's relative.

**ISSUE 10.:** See Exhibits H, I, J & K

Petitioner had no knowledge of the third malicious filing, active cause number 179763401010. This was submitted unpublished without any reference to two (2) dismissals by the Magistrate and one (1) from the Grand Jury. This said issue is not mere technicality undermining criminal activity. There was no law broken as defined by what was presented on Dismissed indictments. See exhibits H & I. Is the Grand Jury lesser or not equal to a trial jury? Why is it called a Grand Jury if their decisions are undermined or NOT HONORED? This would be the biggest oxymoron to our United States Judicial System if the Grand Jury did not have nor possess greater authority than any other jury.

**ISSUE 11.:**

As mentioned in issue #9 through HPD's police report number Petitioner's family/clients are part of an ongoing delay in criminal charges on the Complainant. The State has acknowledged the criminal act but refuses to execute a protective order to prevent possible further criminal activities. How many more array of activities need to occur to get the state or judicial party to act in favor of the Petitioner?

**ISSUE 12.:**

Petitioner's U.S.C.S. Const. Amend IV is being violated, Wrongful arrest under cause number 179763401010. As mentioned in Issues# 2, 5, 6, 7, 8, 10 & 11, Petitioner is being held captive to a cause that is part of a double jeopardy clause. This is wrongful imprisonment and Petitioner is pleading for immediate release. Petitioner has his bond revoked and is being held under illegal conditions. Is Petitioner guilty until he proves his innocence? Petitioner pleas with this court for immediate release.

**ISSUE 13.:**

As said in previous issues for cause number 166432601010 bond was revoked. However, for cause number 179763401010, bond was given at the amount of $500K and May 2023 for a cause that was previously ruled upon. U.S.C.S. Const. Amend. VIII; excessive bail shall not be required. The United States Constitutions provides that "excessive bail shall not be required,..." Id. U.S.C.S. Amend. VIII. This provision was made applicable to the states by the Due process clause of the Fourteenth Amendment, Meadoux v. State, 325 S.W. 3d 189m 193 "Tex, Crim. App. 2010". Similarly the Texas Constitution provides that as well, the difference between the two, Eight Amendment's Tex. Const. Art. 1 subsection 13 and Tex. Constitution's phrasing is insignificant. Cantu v. State, 939 S.W. 2d 627, 645 "Tex. Crim. App. 1997". Half a million dollars is excessive and Petitioner pleads with this court for this to be entirely eliminated.

**ISSUE 14.:**

As said in issue number 8, to minimize redundancy, to date since the establishment of our Constitution, challenging the Grand Jury's decision is unprecedented. It has been established to avoid miscarriage of our judicial system and to be held with the highest respect to those whom are in practice. Furthermore, redundant legal practices exceeded tax dollar, violates, citizens rights and exalts power struggles that is the definition of arrogance. Dogmatic practices are not accepted within our established judicial system, so why would Petitioner be a victim to it? Double jeopardy exits for cause number 179763401010 and the record reflects such fact. This Brief extends the utmost revelation, and its evidence is undisputed. Petitioner pleas for said issue to GRANTED in favor of Petitioner.

**ISSUE 15.:**

Defendant filed "Motion to Dismiss" for cause numbers 1664326 &1797634 due to statute BARRED Limitations. However, State filed two (2) NEW BARRED charges 1867242 & 1867243, that the Magistrate dismissed for "Lack of Probable" cause, on May 8, 2024. This supports T.C.C.P. Art. 7.10, that is "No good reason to apprehend" an accused. Harris County Record shows defendant released on May 9, 2024. However, State's (DA) Barbara Phillips presented to the grand jury "De No 'Vo'", for two charges that were BARRED at the time presented under Art. 12.01(8), to date BARRED under, Art(s)12.01(8)(9); and 27.08(1)(2)(3), and , cause numbers 1664326, 1867242, 1867243 are nonviolent third (3rd) degrees with limitation of three (3) years. As mentioned, Statute Barred under, Art. 27.08(1)(2)(3); and 12.01(9). See motion to "Quash" and one of "M.T.D.(s)" filed, 1-2-2025 and 9-3-2024, respectively. Said statutes were established to avoid excess expense of as dollars. However, is being held as RANSOM to date!

**ISSUE 16.:**

Defendant's thirty-five (35) plus motions that were filed; Under Title 42: Ch. 21: Sec. 1986: Certifiable Knowledge of the law: have yet to be answered or RULED UPON; U.S.C.A. Amend.(s) 1st,4th 5th,6th 7th 8th & 14th violations.

**ISSUE 17.:**

Defendant was not properly arrested and brought before a Magistrate for Arraignment; Violation: T.C.C.P. Art. 26.01. Defendant was never served indictments not recorded aforesaid through Harris County District Clerk for cause numbers 1664326 and 1797634; Violation T.C.C.P. Art.(s) 25.01, 25.02; 1.04; 1.05; & 15.17(d); and U.S.C.A. Const. Amend. VI; "...to be informed of the nature and cause of the accusation...". Defendant DID NOT Waive Arraignment, Under: Art. 26.011. Court failed to abide by; Art. 26.02.

**ISSUE 18.:**

State filed four (4) Amendments to all Statute BARRED causes. Defendant was NEVER notified or served said Amendments. See: Section I and II of motion to "...Petition Magistrate to Investigate Duties of District Attorney...". See: Perez v. State, 429 S.W. 3d. 639 (2014), and Ward v. State, 829 S.W. 2d. 787, were amended rights to Amendments and properly filed timely objections to ALL four (4) Amendments. In "Perez..." and "Ward...", no NOTICE and MAJOR ALTERING the language of the old charge, invades province of the Grand Jury. Something as small as a sentence or paragraph is classified as altering if, not under authorized, T.C.C.P. Art. 28. 10(c); Violations; U.S.C.A. Const. Amend.(s) IV, V, & VI; IV: "no probable cause, supported..."; V: "...compelled in any criminal case to be a witness against himself...no deprived...due process of law..."; AND VI "...to be informed of the nature and cause of the accusation...".

**ISSUE 19.:**

Illegally place on phone restriction and sole confinement with profile, combative, (MHMR), and capital murderers for not violating any Statutes or laws of the State. Defendant DID NOT violate a Protective Order, see "Motion to Admonish..." filed, 12-10-2024, and second filed 1-2-2025. State placed Defendant on said restrictions from a phone conversation with family to report illegal filings and barred violations of (DA) to Texas Bar in Austin. However, "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional rights."; Sherar v. Cullen, 481 F. 945. Texas Bar was established to secure the rights of ALL CITIZENS within the State; Violating; T.R.E. Art. 802: inadmissible Hearsay; T.C.C.P. Art.(s): 1.09;16.21; & 43.24; and U.S.C.A. Const. Amend. VIII: unusual for cruel and unusual punishment.

**ISSUE 20.:**

See Motion to "Quash", filed, 1-2-2025, "Issue #3. Violation of Art. 27.08(1)(2)(3), cause, 1797634, establishes "claimed date", 10-18-2021. This is BARRED under JEOPARDY as well as Art.12.01(7)(8); See: Ex Parte Edwards, 663 S.W. 3d. 614(2022); Excluding three (3) exceptions over two (2) years; Art.(s) 12.01 (1)(c)(ii); (1)(c)(i)(a); & (1)(c)(b), that defendants can not be partakers nor is Defendant. State had/has two (2) years to go to trial from statute, September 1, 2023; Under Art. 7.17; Applies to two (2) year statute of limitation for declared procedures and bond.

**ISSUE 21.:**

Defendant was on bond for three (3) years on cause number 16643263 As of, 11-15-2023, Defendant was given "NO BOND "from BARRED charge(s) filed from, 12-5-2022, See, Issues #14 & #20 of instant motion. Defendant has not had a bond or reduction of Bond in two (2) years. According to State statute, ALL defendants are entitled to bond review every ninety (90) days. Defendant is being held on illegal barred

charges that, under Art. 11.15, writ granted without delay, because State and Court have suspended properly filed Writ; under T.C.C.P. Art. 1.08: this is NOT ALLOWED! and; presumption of innocence; under Art. 11.43 has been violated. Previous and instant motion fulfills, Art. 11.11 requisites. Under, Art. 11.24, bail is excessive and is entitled to a personal bond. Defendant is being deprived due course of law under Art. 1.04 of T.C.C.P.; Violating; U.S.C.A. Const. Amend. VIII: "excessive bail...".

# J.

## EXHIBITS A-N

| | | |
|---|---|---|
| A. | Motion to Expunge | Filed 6-6-2023 |
| B. | Motion to Quash | Filed 6-6-2023 |
| C. | 11.01 Writ of Habeas Corpus | Filed 5-11-2023 |
| D. | Motion to Dismiss with Prejudice | Filed 6-20-2023 |
| E. | Motion to Dismiss (cause number 166432401010) | Filed 12-1-2023 |
| F. | Motion to Dismiss (cause number 179763401010) | Filed 12-1-2023 |
| G. | Texas ID (4903) | |
| H. | Grand Jury Dismissal | |
| I. | Magistrate's Dismissal | |
| J. | Probable cause 177971401010 | |
| K. | Probable cause 179763401010 | |
| L. | Original Probable Cause 166432601010 | |
| M. | Amended Probable Cause 166432601010 | |
| N. | Motion to Dismiss | Filed 5-13-2024 |

# K.

## PRAYER

Wherefore, premises considered, the Petitioner respectfully prays that this Honorable Court grants this Brief.

Respectfully Submitted,

Petitioner

I, Duwane Shackelford, spn #01156562, being presently incarcerated in Harris County, 1200 Baker St., 2J1-W, Houston, Tx, 77002, declare under penalty and perjury that the foregoing is true and correct.

Executed On

Date

Signature

EXHIBIT - A Exhibit A

STATE OF TEXAS

VS.

DUWAYNE CHARLES SHACKELFORD

IN THE 262ND JUDICIAL DISTRICT COURT

OF HARRIS COUNTY TEXAS

# MOTION TO EXPUNGE

**CAUSE NUMBER (179763401010-3), (177971401010-3), (1779714010A-3), (16643201010-3)**

**TO THE MOST HONORABLE JUDGE LORI CHAMBERS GRAY OF THE 262ND JUDICIAL DISTRICT COURT**

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered causes and moves the court to grant Motion to Expunge in support of Writ of Habeas Corpus (11.01).

**IN SUPPORT OF SUCH MOTIONS AND SHOWS:**

**I.**

Additionally, this cause number (179763401010) filed 12-5-2022 is exactly the same as two previous dismissals disposed of 8-12-2022 cause number (177971401010-3). Applicant put in double jeopardy (11-14-2022) same cause number (17797140101A-3) and again dismissed and disposed of (11-21-2022). Again, for the third time, same cause re-filed again (12-5-2022) and put under a different cause number (179763401010)-3. As well as cause number (16643201010-3).

**II.**

Applicant is being restrained by this meritless refilling. The petitioner is being subjected to a malicious prosecution which is causing unusual punishment.

WHEREFORE, applicant respectfully requests that the court issue the Motion to Expunge due to malicious prosecution and causing unusual punishment.

**INMATE DECREE**

I, Duwayne Charles Shackelford, SPN# (01156562) illegally restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas 77002, swear under penalty and perjury that this is true and correct statement to the best of my belief this the 31st day of May 2023.

[signature]

Duwayne Charles Shackelford

Exhibit B D

STATE OF TEXAS

VS.

DUWAYNE CHARLES SHACKELFORD

IN THE 262ND JUDICIAL DISTRICT COURT

OF HARRIS COUNTY TEXAS

# MOTION TO QUASH

CAUSE NUMBER (179763401010-3), (177971401010-3), (17797140l0A-3), (16643201010-3)

TO THE MOST HONORABLE JUDGE LORI CHAMBERS GRAY OF THE 262ND JUDICIAL DISTRICT COURT

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered causes and moves the court to grant Motion to Quash in support of Writ of Habeas Corpus (11.01).

IN SUPPORT OF SUCH MOTIONS AND SHOWS:

I.

Applicant is being restrained by this meritless re-filing. The petitioner is being subjected to a malicious prosecution which is causing unusual punishment. No person shall be twice put in jeopardy of life or limb for the same offense, see US Constitution Amendment 5.

II.

Additionally, this cause number (179763401010) filed 12-5-2022 is exactly the same as two previous dismissals disposed of 8-12-2022 cause number (177971401010-3). Applicant put in double jeopardy (11-14-2022) same cause number (17797140101A-3) and again dismissed and disposed of (11-21-2022). Again, for the third time, same cause re-filed again (12-5-2022) and put under a different cause number (179763401010)-3. As well as cause number (16643201010-3).

WHEREFORE, applicant respectfully requests that the court issue the Motion to Quash due to malicious prosecution and causing unusual punishment.

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN# (01156562) illegally restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas 77002, swear under penalty and perjury that this is true and correct statement to the best of my belief this the 31st day of May 2023.

(signature)

Duwayne Charles Shackelford

EXHIBIT - D
exhibit D
D

STATE OF TEXAS

VS.

DUWAYNE CHARLES SHACKELFORD

IN THE 262ND JUDICIAL DISTRICT COURT

OF HARRIS COUNTY TEXAS

# MOTION TO DISMISS WITH PREJUDICE

**CAUSE NUMBER (179763401010-3), (177971401010-3), (17797140101A-3), (166432601010-3)**

**TO THE MOST HONORABLE JUDGE LORI CHAMBERS GRAY OF THE 262ND JUDICIAL DISTRICT COURT**

Comes now, Duwayne Charles Shackelford, Petitioner, moves the court in the above entitled and numbered causes to grant Motion to Dismiss with Prejudice.

**IN SUPPORT OF SUCH MOTIONS AND SHOWS:**

**I.**

Comes now, Duwayne Charles Shackelford, Petitioner, moves the court to the violations of the execution of Habeas Corpus 11.01 filed May 11, 2023, TX. CRIM CODE PROCEDURE 25.01, 25.02: Failure to serve and deliver current cause indictment. TEXAS CRIMINAL CODE AND PROCEDURE 11.60, Failure to act upon filed Writ.

**II.**

U.S. Constitution Amendment 5, failure to provide due process in double jeopardy violation. 177971401010-3 was brought before the magistrate July 22, 2022, and this was dismissed. State filed re-instatement motion September 14, 2022, SNU 996 filed under first cause number, magistrate dismissed on September 15, 2022. State filed same case, cause number 17797140101A-3, the grand jury dismissed November 21, 2022. Action filed SNU 999 November 22, 2022.

**III.**

Current cause number 179763401010-3 the state filed the third filing, the same evidence in same case as a non-published filing or secret filing for a new different cause number assigned, not mentioning previous filings, said violations in above paragraph I and II. No new evidence, same case file with executing said violations in the above paragraph.

exhibit E (cont)

## IV.

Applicant is being restrained by this meritless refiling. The petitioner is being subjected to a malicious prosecution which is causing unusual punishment. No person shall be twice put in jeopardy of life or limb for the same offense, see US Constitution Amendment 5.

WHEREFORE, applicant respectfully requests that the court issue the Writ of Habeas Corpus and conduct a hearing thereon and that the applicant be ordered discharged from illegal custody and restraint or to the alternative that the bail be reduced to $10,000.00.

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN# (01156562) illegally restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas 77002, swear under penalty and perjury that this is true and correct statement to the best of my belief this the 6th day of May 2023.

[signature] (mn)

Duwayne Charles Shackelford

EXHIBIT C

exhibit C

STATE OF TEXAS

VS.

DUWAYNE CHARLES SHACKELFORD

IN THE 262[ND] JUDICIAL DISTRICT COURT

OF HARRIS COUNTY TEXAS

# 11.01 WRIT OF HABEAS CORPUS

## CAUSE NUMBER (179763401010-3)

**TO THE MOST HONORABLE JUDGE LORI CHAMBERS GRAY OF THE 262[ND] JUDICIAL DISTRICT COURT**

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered cause and moves the court to grant Writ of Habeas Corpus (11.01).

**IN SUPPORT OF SUCH MOTIONS AND SHOWS:**

**I.**

Petitioner was taken into custody on 4-24-2023 in Mexico. On 4-28-2023, Petitioner was transferred to the Harris County Jail, 701 N. San Jacinto St, Houston, Texas, 77002, Petitioner was brought before the probable cause court and not given a copy of the charging instrument of which he was being held. Applicant is currently being illegally restrained and confined in his liberty by the Harris County Sheriff Ed Gonzalez.

**II.**

Applicant was permitted to custody for failure to post bond in the excessive amount of ($500,000.00) set by order of the probable cause court. Applicant can not make bond on ($500,000.00) but can post a bond in a reasonable amount of ($10,000.00) and of which will be enough to adequately secure the presence of applicant before this court and have him answer this charge. No previous application has been made for the issuance of a (11.01) Habeas Corpus seeking relief requested herein.

**III.**

Additionally, this cause number (179763401010) filed 12-5-2022 is exactly the same as two previous dismissals disposed of 8-12-2022 cause number (177971401010-3). Applicant put in double jeopardy (11-14-2022) same cause number (17797140101A-3) and again dismissed and disposed of (11-21-2022). Again, for the third time, same cause refiled again (12-5-2022) and put under a different cause number (179763401010)-3.

D

## IV.

Motion to Expunge, Motion to Quash all filed June 7, 2023 in support of the Writ 11.01. Defendant has never been served and indictment from December 5, 2022 filing for current cause number 179763401010-3. Defendant is unable to prepare for current incarceration or contest charge unknown. **TX. CRIMINAL CODE PROCEDURE 25.01, 25.02**, clerk's failure to certify and deliver indictment: Sheriff's failure to return certified signature copy. KONCHAR VS. STATE 938SW 2D500. Defendant filled all laws and address requirements.

**WHEREFORE,** the defendant prays the court moves for dismissal due to double jeopardy, and US Constitution of Due Process 5th Amendment, grant this **MOTION TO DISMISS WITH PREJUDICE** due to malicious prosecution. Order on this 15 day of June 2023.

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN# (01156562) illegally restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas 77002, swear under penalty and perjury that this is true and correct statement to the best of my belief this the 15 day of June 2023.

Duwayne Charles Shackelford

Exhibit E

**STATE OF TEXAS**

**VS.**

**DUWAYNE CHARLES SHACKELFORD**

**IN THE 262ND JUDICIAL DISTRICT COURT**

**OF HARRIS COUNTY TEXAS**

# MOTION TO DISMISS UNDER TEX. CODE. CRIM. PROC. Art. 28.10 (c) & Art. 27.08 (2)

**CAUSE NUMBER 166432601010-3**

**TO THE MOST HONORABLE JUDGE LORI CHAMBERS-GRAY OF THE 262ND JUDICIAL DISTRICT COURT**

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered cause and moves the court to grant said motion..

**IN SUPPORT OF SUCH MOTIONS AND SHOWS:**

**I.**

Petitioner's hearing for this cause only 166432601010-3 on 11-15-2023 in reference to "Motion to Quash" filed on 9-18-2023. State filed "Motion to Leave to Amend Indictment..." petitioner officially objected to filing a rights said motion within ten (10) days to object to the amended indictment.

**II.**

Petitioner objects to the amended motion filed because the original indictment presented to grand jury stated the defense was committed on 12-31-2019, within the probable cause. However, the amended motion to leave states a different date in time 9-17-2019. See: Flowers vs. State, 815 s.w. 2d 724: where it states "...changing an element, such as the owner, changes the evidence needed to prove the offense. If such amendment is made on the basis of the same indictment upon which the original indictment is based, it will, in most cases, be permissible under the substantial rights provision after a review of the record for prejudice. See: Adams, Supra, (Adams vs State 7, 707, s.w. 2D 900. exactly what rights may be substantial) in a given cause would depend on the circumstances of the case. Of course, it is possible that an amendment such as changing the owner might reflect an entirely different incident as a basis for allegations. If this were so, "the substantial rights" provision of Art, 28.10 (c) would be implicated to protect the defendant, and the right to indictment by a grand jury under Art. V subsection 10 might be implicated. For example, if the record shows the amendment is made so as to change "a different occurrence or incident "then the originally alleged in the indictment, the substantial rights of the defendant will be prejudiced in part because he has been denied any grand jury review of the offense as required by Art. I, subsection 10 and the U.S. Constitution Amend(s) 5th and 14th.

E (cont)

### III.

Petitioner also sates statue violations Art. 27.08 (2) "...that it appears from...that the offense was committed after the findings of the indictment: "Reasons for filing said motion. "Again, different occurrence or incident" than the original alleged indictment, the substantial rights of the defendant would be prejudice in part because he has been denied any grand jury review of the offense as required by Art. 1, subsection 10. Before my September 2019 birthday, I registered my address and updated my Texas driver's license. This was verified and documented for the year of "2019". Alleged end date that was presented to the grand jury for, 12-31-2019 was three months later than the alleged amendment date of 9-17-2019. Petitioner has proof of living at the address, proof of payments to the landlord, neighbor as witnesses, insurance records of policy held at that time, bank statements and a couple leaving their vehicles at residence for over a month for maintenance. Actual state license that has been mailed to address, if petitioner did not live there, it would be against the law to process mail or tamper with mail registered address 4903.

### IV.

Petitioner filed said motion objecting to amendment due to Texas Code Crim. Procedure Art 28.10(c) and Art 27.08 (2), Art. I subsection 10. and U.S. Constitutional Amendments 5th and 14th.

WHEREFORE, petitioner respectfully requests that the court issue this Motion to Dismiss and this said cause number expunged.

### INMATE DECREE

I, Duwayne Charles Shackelford, SPN#1156562, restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas, 77002, swear under penalty and perjury that this is a true and correct statemen to the best of any belief this the 25 day of November 2023.

[signature]

Duwayne Charles Shackelford

### ORDER

On this the _____ day of November 2023, came to be heard the foregoing to be dismissed, and same is hereby **GRANTED**, with respect to paragraphs II and III, and DENIED, with respect to paragraphs II and III, to which action petitioner accepted.

_______________________________
JUDGE

Exibit F

STATE OF TEXAS

VS.

DUWAYNE CHARLES SHACKELFORD

IN THE 262ND JUDICIAL DISTRICT COURT

OF HARRIS COUNTY TEXAS

# MOTION TO DISMISS UNDER TEX. CODE. CRIM. PROC. Art. 12.06

**CAUSE NUMBER 179763401010**

**TO THE MOST HONORABLE JUDGE LORI CHAMBERS-GRAY OF THE 262ND JUDICIAL DISTRICT COURT**

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered cause and moves the court to grant said motion.

**IN SUPPORT OF SUCH MOTIONS AND SHOWS:**

**I.**

Petitioner first filing cause number 177971401010-3 was dismissed by the magistrate 8-12-2022. The same probable cause and police report was filed a second time with the grand jury's dismissal, 11-21-2022, cause number 17797140101A-3. The state appealed the magistrate's decision when the grand jury responded by honoring the same probable cause, dismissing the cause number for the second time. Abiding by Tex. Code Crim. Proc. Art 12.06. the record reflects such information under both said cause numbers after hearing the magistrate's dismissal, the grand jury voted on the same probable cause on the presented indictment and if, "at least nine (9) grand jurors concur in findings the bill the state will prepare the indictment and deliver it to the grand jury foreman." See; Tex. Code Crim. Proc. Art. 20A, 301-302; Clifton vs State, 2023 Tx Atp.; Allen, 570 s.w. 3D at 799. An indictment is considered presented "when it has been duly acted upon by the grand jury..." Id Art 12.06.

**II.**

State filed the same probable cause without any "new" evidence nor "new" probable cause a third time unpublished, cause number 179763401010. Petitioner is being subject to malicious prosecution which is causing unusual punishment. Petitioner is being victimized by repeated prosecution attempts for the same alleged offense and dated filed three (3) times. Petitioner has been stalked by complainant and his family is being stalked while petitioner is still incarcerated. Please see police report number HPD 1180155-23. Hence, complainant's numerous calls to D.A.'s office.

F cont

## III.

Petitioner's cause number has been ruled upon at the magistrate's level and grand jury level under; Art. 12.06.

WHEREFORE, petitioner respectfully requests that the court issues this motion to dismiss and this said cause number expunged.

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN#1156562, restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas, 77002, swear under penalty and perjury that this is a true and correct statement to the best of any belief this the 25 day of November 2023.

Duwayne Charles Shackelford

## ORDER

On this the ____ day of November 2023, comes to be heard the foregoing motion to be dismissed, and same is hereby **GRANTED**, with respect to paragraphs I, II and III, and **DENIED**, with respect to paragraphs I, II and III, to which action petitioner accepted.

______________________
JUDGE

**EXHIBIT G**


Texas
USA
TX
DRIVER LICENSE
DL 14817131
Class C
Iss 12/13/2018
Exp 09/18/2022
DOB 09/18/1972
SHACKELFORD
DUWANE CHARLES
4903 HIRSCH ROAD
HOUSTON TX 77026
Restrictions NONE
End NONE
Hgt 6'-00"
Sex M
Eyes BRO
DD 27211851120123607418

# EXHIBIT H.


177971401O1A - The State of Texas vs. SHACKELFORD, DUWANE (Court 262)

# EXHIBIT I:


177971401010 - The State of Texas vs. SHACKELFORD, DUWANE (Court 262)

# EXHIBIT J:

1779714 - 262

THE STATE OF TEXAS
VS.
DUWANE SHACKELFORD

SPN: 01156567 [illegible]
DOB: B M 09/18/1972
DATE PREPARED: 07/22/2022

D.A. LOG NUMBER: 2557704
CJIS TRACKING NO.:
AGENCY: HPD
O/R NO: 140746321
ARREST DATE: TO BE

NCIC CODE: 1113 22
RELATED CASES: 1664325
FELONY CHARGE: Sexual Assault of an Adult

CAUSE NO: 1779714
HARRIS COUNTY DISTRICT COURT NO: 262 [illegible]
FIRST SETTING DATE:

COURT ORDERED BAIL: TO BE SET AT MAGISTRATION
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, DUWANE SHACKELFORD, hereafter styled the Defendant, heretofore on or about October 18, 2021, did then and there unlawfully, intentionally and knowingly cause the penetration of the sexual organ of M.P., hereinafter called the Complainant, by placing the Defendant's sexual organ in the sexual organ of the Complainant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion, and the Defendant was prohibited from engaging in sexual intercourse or deviate sexual intercourse with the Complainant under Section 25.02 of the Penal Code.

Before the commission of the offense alleged above, on March 11, 2008, in Cause Number 1103160, in 263rd District Court of Harris County County, Texas, the Defendant was finally convicted of the felony offense of sexual assault.

Probable Cause:
Affiant Investigator E. Oliver is a peace officer employed by the Houston Police Department's Special Victims Division's Adult Sex Crimes unit. Affiant has reason to believe & does believe that Duwane Shackelford DOB: 09/18/1972, hereafter the Defendant, committed the Felony Offense of Sexual Assault of the Vagina (female sexual organ) at 2445 Reed Rd. Houston Texas 77051, in Harris county, Texas on or about October 18, 2021.
Affiant's beliefs are based on the following:

On October 18, 2021, Affiant was assigned Houston Police Department Offense Report Number 1203395-21, prepared by HPD Officer E. Oliver, who is a certified peace officer with the Houston Police Department. HPD Officer T.B Mitchell, who is a certified peace officer with the Houston Police Department, is the officer who completed the initial report, which was then assigned to your affiant. HPD Officer met with Complainant M.P., hereafter referred to as Complainant, regarding an allegation of sexual assault.

Complainant advised Affiant that she went to meet with her trainer Duwane Shackelford, DOB: 09/18/1972 hereafter referred to as Defendant on October 18, 2021, at Tom Bass Park that is located at 15108 Cullen Blvd Houston, TX 77047. Complainant stated to Affiant she meet the Defendant to have a workout due to the Defendant was her trainer for three years. Complainant stated to Affiant they had a discussion previously about having lunch after they workout. Complainant stated to Affiant once they was done with the workout she told the Defendant she was going to meet him at the location but he insist she ride with him to go get the food. Complainant stated to Affiant she got in the vehicle with him and they drove across the street to a food truck and he got out the vehicle to order the food. Complainant stated to Affiant they had to leave and go to the bank and get cash out due to the food truck only took cash.

Complainant stated to Affiant once they got the money they went back to the food truck and purchase the food. Complainant stated to Affiant the Defendant was driving back to the park in which she believed they was going to eat at the park. Complainant stated to Affiant the Defendant passed up the park and kept driving. Complainant stated to Affiant she asked the Defendant why did he pass up the park, and Defendant stated to her they was going to have lunch somewhere else.

Complainant stated to Affiant the Defendant drove to a motel (Deluxe Inn) off Reed Rd. Complainant stated to Affiant the Defendant got out the vehicle and went inside the motel to pay for a room. Complainant stated to Affiant they went inside the room and she sat on a chair and the Defendant sat on the bed. Complainant stated to Affiant once she was done eating the Defendant picked her up, sat her on the bed, took her shoes off, and told her to relax. Complainant stated to Affiant the Defendant went to dim the lights in the room and walked back to

D.A. LOG NUMBER: 2557704
DEFENDANT: DUWANE SHACKELFORD



RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

**EXHIBIT J (CONT.)**

1779714-262

and picked her up and pulled her pants. Complainant stated to Affiant she told the Defendant she did not want to do this, she was not no board, and she want her clothes back. Complainant stated to Affiant the Defendant told her to relax and put his body weight on her. Complainant stated to Affiant the Defendant told her to relax and she told him she did not want to do this (sex) and she wanted to go. Complainant stated to Affiant the Defendant stood back up and was trying to take his shirt off. Complainant stated to Affiant she grabbed his shirt so he could not take it off, but he manage to take his shirt off. Complainant stated to Affiant the Defendant grabbed her shirt and sports bra and pulled it over her head. Complainant stated to Affiant the Defendant pushed her back on the bed and got on top of her. Complainant stated to Affiant she told the Defendant she did not want to do this and she wanted her clothes back. Complainant stated to Affiant the Defendant told her it was going to feel good and to relax. Complainant stated to Affiant the Defendant pushed her head down on the bed with his finger. Complainant stated to Affiant the Defendant took off his pants and told her do she know how many times he masturbated to her because she was so sexy. Complainant stated to Affiant the Defendant started grinding on her, and putting his tongue in her mouth. Complainant stated to Affiant the Defendant then penetrated her vagina with his penis. Complainant stated to Affiant she thought the Defendant was going to stop but he did not. Complainant stated to Affiant she was trying to push him off and tell him to stop but he would not stop. Complainant stated to Affiant after about five minutes she gave up and just laid there. Complainant stated to Affiant after about seven minutes the Defendant went down to her vagina and started licking it. Complainant stated to Affiant the Defendant penetrated her with his penis, tongue, and fingers a couple of times.

Complainant stated to Affiant once the Defendant was done he asked her to hold him and was it good. Complainant stated to Affiant she just laid there and could not move.

Complainant stated to Affiant the phone ring in the midst so she got her clothes and put them back on, she stated they left the room and he drove her to pick up her daughter from school in which she did not want him to. Complainant stated to Affiant once they got her daughter from school the Defendant dropped her off by her vehicle and she left the location and went to a friend house to tell her what happen to her. Complainant stated to Affiant her friend drove her to a hospital to take a rape kit.

Based on the Above, Affiant Believes and has reason to believe that Duwane Shackelford committed Felony Offense of Sexual Assault of the Vagina (female sexual organ) on or around October 18, 2021, at 2445 Reed Rd, in Houston, Harris County, Texas, 77051.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Signed and sworn by me on 07/22/2022

[signature]

AFFIANT

Duly attested by me on 7/12/22

[signature]

Assistant District Attorney
Harris County District Attorney's Office SBN 24097749
TBC No.

FILED
Marilyn Burgess
District Clerk
JUL 22 2022
Time: 12:11
Harris County, Texas
By: NLO
Deputy

KD Baker
Witness (Peace Officer)

KD BAKER 1951
Witness Printed name & Badge or Payroll number

COMPLAINT

DA LOG NUMBER: 2879784
DEFENDANT: DUWANE SHACKELFORD

Page 2 of 2

**EXHIBIT J (CONT.)**

THE STATE OF TEXAS
VS.
DUWANE SHACKELFORD

SPN: 01156562
DOB: B M 9/18/1972
DATE PREPARED: 11/18/2021

D.A. LOG NUMBER: 2857704
CJIS TRACKING NO.:
BY: MM DA NO: 2974018
AGENCY: HPD
O/R NO: 140745321
ARREST DATE: TO BE

NCIC CODE: 1115 22
RELATED CASES: 1664326

FELONY CHARGE: SEXUAL ASSAULT
CAUSE NO: 1779714
HARRIS COUNTY DISTRICT COURT NO: 262
FIRST SETTING DATE:

COURT ORDERED BAIL:
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, DUWANE SHACKELFORD, hereafter styled the Defendant, heretofore on or about October 18, 2021, did then and there unlawfully, intentionally and knowingly cause the penetration of the sexual organ of M.P., hereinafter called the Complainant, by placing the Defendant's sexual organ in the sexual organ of the Complainant, without the consent of the Complainant, namely the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Before the commission of the offense alleged above, on March 11, 2008, in Cause Number 1103160, in 263rd District Court of Harris County County, Texas, the Defendant was finally convicted of the felony offense of sexual assault.

FILED
Marilyn Burgess
District Clerk
NOV 21 2022
Time: 12:46
By: Harris County, Texas
Deputy

Foreman 176th

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

INDICTMENT

# EXHIBIT K:

RE-INDICT

THE STATE OF TEXAS
VS.
DUWANE SHACKELFORD

SPN: [illegible]
DOB: B M [illegible]
DATE PREPARED: 12/2/2022

D.A. LOG NUMBER: [illegible]
CJIS TRACKING NO.:
BY: MMS DA NO: [illegible]
AGENCY: HPD
O/R NO: [illegible]
ARREST DATE: TO BE

NCIC CODE: 1115 [illegible]
RELATED CASES:
FELONY CHARGE: Sexual Assault of an Adult

CAUSE NO: 1797634
HARRIS COUNTY DISTRICT COURT NO: 262nd 262
FIRST SETTING DATE:

COURT ORDERED BAIL: TO BE SET AT MAGISTRATION
PRIOR CAUSE NO: 1779714
CHARGE SEQ NUM:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, DUWANE SHACKELFORD, hereafter styled the Defendant, heretofore on or about October 18, 2021, did then and there unlawfully, intentionally and knowingly cause the penetration of the sexual of M.P., hereafter called the Complainant, by placing the Defendant's penis in the sexual organ of the Complainant, without the consent of the Complainant, namely, the Defendant compelled the Complainant to submit and participate by the use of physical force, violence, and coercion.

Before the commission of the offense alleged above, on March 11, 2003, in Cause Number 1103160, in 263rd District Court of Harris County, Texas, the Defendant was finally convicted of the felony offense of sexual assault.

FILED
[illegible]
District Clerk
DEC 05 2022 1:00
Time: [illegible] Harris County, Texas
By [illegible] Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman 176th

FOREMAN OF THE GRAND JURY

INDICTMENT

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

# EXHIBIT L:

01156562 N

THE STATE OF TEXAS
VS.
DWAYNE CHARLIE SHACKLEFORD
UNKNOWN
HOUSTON, TX

SPN: 01156562
DOB: B M 9/18/1972
DATE PREPARED: 1/12/2020

D.A. LOG NUMBER: 261670?
CJIS TRACKING NO.:
BY: BB DA NO: 2918299?
AGENCY: HPD
O/R NO: 02006122?
ARREST DATE: TO BE

NCIC CODE: 3600 03
RELATED CASES:
FELONY CHARGE: Failure To Comply With Sex Offender Registration R

CAUSE NO: 1660326
HARRIS COUNTY DISTRICT COURT NO: 262
FIRST SETTING DATE:

COURT ORDERED BAIL: TO BE SET AT MAGISTRATION
PRIOR CAUSE NO:
CHARGE SEQ NUM: 1

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, DWAYNE CHARLIE SHACKLEFORD, hereafter styled the Defendant, heretofore on or about December 31, 2019, did then and there unlawfully, while a person with a reportable conviction for the offense of sexual assault, and while knowing that he was subject to registration under the Texas sex offender registration program, changed his residential address and fail to timely report in person to the local law enforcement agency in the municipality in which the Defendant's new address was located in order to provide proof of identity and proof of residence by failing to report and provide said information in person to said authority within seven days after the change of address or upon the first date the authority would by policy allow the Defendant to report.

FILED
Marilyn Burgess
District Clerk
FEB 21 2020
[illegible]

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Asst. Foreman 230th

FOREMAN OF THE GRAND JURY

INDICTMENT

# EXHIBIT M:

THE STATE OF TEXAS
V.
DWAYNE CHARLES SHACKELFORD [illegible]

FELONY CHARGE: Failure To Comply With Sex Offender [illegible]

CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:
FIRST SETTING DATE:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

[illegible]

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas DWAYNE SHACKELFORD, hereafter styled the Defendant, [illegible]

FILED

FILED

FOREMAN OF THE GRAND JURY

TRUE BILL

p4

CAUSE NUMBERS 166432601010-3, 179763401010-3, 186724201010, & 186724301010

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 262ND JUDICIAL DISTRICT COURT |
| VS. | § | |
| DUWAYNE CHARLES SHACKELFORD | § | OF HARRIS COUNTY TEXAS |

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2024 MAY 13 AM 9: 06
MAIL PROCESSING CLERK J

# MOTION TO DISMISS

## UNDER TEX. CODE CRIM. PROC. Art. 27.08 (2)(3)(4) & Art. 12.01 (7)(8)(9);...STATUE BARRED BY LIMITATION.

### TO THE MOST HONORABLE JUDGE LORI CHAMBERS-GRAY OF THE 262ND JUDICIAL DISTRICT COURT

Comes now, Duwayne Charles Shackelford, Petitioner, in the above entitled and numbered causes and move the court to grant said motion.

### IN SUPPORT OF SUCH MOTION AND SHOWS:

**I.**

Petitioner's hearing for this cause only 166432601010-3 on 11-15-2023 in reference to "Motion to Quash" filed on 9-18-2023. State filed "Motion to Leave to Amend Indictment..." petitioner officially objected to filing within ten (10) days to object to both amendments. Petitioner cause number 166432601010-3 was indicted on 3-12-2020 for an allege crime that was amended from 12-31-2019 to 9-17-2019. Amendment filed 11-15-2023 was "...barred by a lapse of time, ..." (beyond three (3) years) TEX. CODE CRIM. PROC. §27.08. (2) & §12.01(9). See Ex parte Edwards, 663 S.W. 3d 614 (2022), may raise limitation claim before trial by said motion. THE ALLEGE DATE IS 9-17-2019, WELL BEYOND STATE STATUE LIMITATION OF THREE (3) YEARS; §12.01(9). Petitioner cause number 179763401010-3 WELL BEYOND STATE STATUE LIMITATION §12.01(7)(8); two (2) years from the date the offense was discovered. THE ALLEGE DATE AND PROBABLE CAUSE IS 10-18-2021 see Ex parte Edwards, Id. Petitioner's cause number 186724201010 &186724301010, IS ALSO WELL BEYOND STATE STATUE; §12.01(7)(8), BECAUSE THE ALLEGE DATE DISCOVERED, IS 9-30-2021. Ex parte Edwards, Id.; BEYOND TWO (2)YEARS OF CLAIM DATE.

**II.**

Petitioner objects to the amended motion, cause number 166432601010-3 filed because the original indictment presented to Grand Jury stated the offense was committed on 12-31-2019,

within the probable cause. However, the amended motion to leave states a different date in time 9-17-2019. See Flowers vs. State, 815 S.W. 2d 724, where it states "...changing an element, such as the owner, changes the evidence needed to prove the offense. If such amendment is made on the basis of the same indictment upon which the original indictment is based, it will, in most cases, be permissible under the substantial rights provision after a review of the record for prejudice. See: Adams, Supra, (Adams vs State, 707, S.W. 2d 900. exactly what rights may be substantial) in a given cause would depend on the circumstances of the case. Of course, it is possible that an amendment such as changing the owner might reflect an entirely different incident as a basis for allegations. If this were so, "the substantial rights" provision of Art. 28.10 (c) would be implicated to protect the defendant, and the right to indictment by a Grand Jury under Art. V §10 might be implicated. For example, if the record shows the amendment is made so as to change "a different occurrence or incident", then the originally alleged in the indictment, the substantial rights of the defendant will be prejudiced in part because he has been denied any Grand Jury review of the offense as required by Art. I, §10 and the U.S. Constitution Amend(s) 5th and 14th.

## III.

Petitioner also sates statue violations Art. 27.08 (2) "...that it appears from...that the offense was committed after the findings of the indictment: "Reasons for filing said motion, again, different occurrence or incident" than the original alleged indictment, the substantial rights of the defendant would be prejudice in part, because he has been denied any Grand Jury review of the offense as required by Art. 1, §10. Before my September 2019 birthday, I registered my address and updated my Texas driver's license. This was verified and documented for the year of "2019". Alleged end date that was presented to the Grand Jury for, 12-31-2019, was three (3) months later than the alleged amendment date of 9-17-2019. Petitioner has proof of living at the address, proof of payments to the landlord, neighbors as witnesses, insurance records of policy held at that time, bank statements and a couple leaving their vehicles at residence for over a month for maintenance. Actual state license that has been mailed to address, if petitioner did not live there, it would be against the law to process mail or tamper with mail from registered address of 4903 (from probable cause number 166432601010-3).

## IV.

Petitioner's cause number 179763401010-3, §27.08(2)(3)(4). The amended indictment appears to have findings "...after the finding of the indictment ..."; §27.08(2). Said cause number is under §27.08(3) "bar(red) prosecution" from SAME PROBABLE CAUSE AND CHARGE RULED BY GRAND JURY, 11-22-2022, 17797140101A-3. Just as stated in sections II. & III., ADDING LANGUAGE AND OTHER INCIDENTS PREJUDICE PETITIONER SUBSTANTIAL RIGHTS JUST THE SAME AS SAID PREVIOUSLY.

V.

Petitioner filed said motions objecting to amendments due to Texas Code Crim. Procedure Art. 28.10(c), Art. 27.08 (2)(3)(4); & §12.01(8)(9); STATUE BARRED BY LIMITATION, Art. I §10; and U.S. Constitutional Amendments 5th and 14th.

WHEREFORE, petitioner respectfully requests that the court issue this Motion to Dismiss and this said cause numbers expunged.

## INMATE DECREE

I, Duwayne Charles Shackelford, SPN#01156562, restrained at the Harris County Jail, 701 N. San Jacinto, Houston, Texas, 77002, swear under penalty and perjury that this is a true and correct statement to the best of any belief this the 8 day of May 2024.

________________________
Duwayne Charles Shackelford

## ORDER

On this the _____ day of May 2024, came to be heard the foregoing to be dismissed, and same is hereby **GRANTED**, with respect to paragraphs II and III, and DENIED, with respect to paragraphs II and III, to which action petitioner accepted.

________________________
JUDGE

U.S. COURT OF APPEALS RECEIVED OCT 06 2025 FIFTH CIRCUIT

P15

Cause Number(s): 166432601010, 179763401010, 186724201010, 186724301010

FILED Marilyn Burgess District Clerk HARRIS COUNTY 2025 MAY 27 AM 9:35 MAIL PROCESSING CLERK

5/27/25

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 262ND JUDICIAL DISTRICT |
| | § | COURT |
| VS. | § | |
| | § | OF HARRIS COUNTY TEXAS |
| ExParte<br>DUWAYNE CHARLES SHACKELFORD<br>SPN# 01156562 | § | |

WRIT OF HABEAS CORPUS; Under: T.C.C.P. Art. 11.14; Requisites; AND AVOIDANCE OF SUSPENDING WRIT OF RIGHT UNDER Art. 1.08

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Duwayne Shackelford, Defendant & Petitioner in the above entitled causes: under: Title 42:Ch.21: sec. 1986; Certifiable Knowledge of the law: Establishes WANT ON JUDICIAL RULING: Under; Code of Judicial Conduct: Canon 2(A)(B); 3(B)(2); and 3(8)(e): "considering an ex parte communication expressly authorized by law. "Defendant's aforesaid writ's deadline is JUNE 5, 2025, 30 DAYS FROM FILING; Under T.C.C.P. Art 1.08: NOT TO SUSPEND RIGHT! In support of such motion and shows:

## I.

Defendant's previous filed writs were suspended, 5-11-2023 and 9-3-2024. Above court has suspended and is in direct violation of State Statue; T.C.C.P. Art. 1.08.

## II.

Defendant has presented instant causes that have issues of illegally being restrained, State barred Limitations, malicious prosecutions, several instances of cruel and unusual punishment, and JEOPARDY. Instant causes totaling over (71) State Statue violations and (12) Federal Constitutional with Title violations

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging.

# III.

## The following are the issues of being illegally confined and copies cannot be obtained because they are officially filed and recorded with the Harris County District Clerk's Office:

1. Trial court abused its discretion by granting State's "Motion to Leave to Amend Indictment," on November 15, 2023, changing offense date from 12-31-2019 to 9-17-2019, for cause number 166432601010. Violation; Tex. Code Crim. Proc. Art. 28.10(c) & 27.08(2); Art. V, subsection 10; Art. 1, subsection 10: U.S.C.S. Constitutional Amendment(s) V & XIV. Petitioner filed:" Motion to Dismiss" on 12-1-2023 for cause number 166432601010, within ten (10) days after 11-15-2023 hearing objecting to amended indictment. The original indictment presented to the Grand Jury stated on offense was committed on 12-31-2019 probable cause. However, the amended motion to leave state's a different date and time 9-17-2019. See; Flowers v. State, 815 S.W. 2d 724; where it states, I quote ...changing an element such as the owner, changes the evidence needed to prove the offense. If such an amendment is made on the basis of the same incidence upon which the original indictment is based, it will, in most cases, be permissible under substantial rights provision after a review of the record for prejudice. See, Adams v. State, 707 S.W. 2d 900. Exacting rights may be "substantial in a given case will depend on the circumstance of the case. Of course, it is possible that an amendment such as the changing of the owner might reflect an entirely different incident the basis for the allegations. If this were so, the "substantial rights" provision of Art. 28.10(c) would be implicated to protect the defendant, and the rights of the indictment by the Grand Jury. Art. V subsection 10 might be implicated. For example, if the record SHOWS that the amendment is made so as to charge "a different occurrence or incident" than that originally alleged indictment, the substantial rights of the defendant would be prejudiced in part because he has been denied any Grand Jury review of the offense as required by Art. 1 subsection 10." U.S.C.S. Constitutional Amendment(s) V & XIV. Petitioner also state statue violations Art. 27.08(2) "...that it appears from ..., that the offense was committed after the findings of the indictment; "Reasons for filing said motions. Again, I quote "a different occurrence or incident" than the originally allege in the indictment, the substantial rights of the defendant would be prejudice in part because he has been denied any Grand Jury of the offense as required by Art. 1, subsection 10. Before my September 2019 birthday. I registered my address and update my Texas driver's license. This would verify and document the year of 2019 allege statement date that was presented to the Grand Jury for 12-31-2019 was three months later than the alleged amendment date of 9-17-2019. Petitioner has proof of the address, proof of payments to landlord, neighbors as witness, insurance references of policies held at the time, and bank statements. It must be mailed to registered address. If Petitioner did not live there, it would be against the law to possess mail or tamper with mail from registered address.

2. Trial court abused its discretion by ruling a "No Bond" for cause number 166432601010, after State filed "Motion to Revoke..." from cause number 179763401010 that was ruled upon and dismissed. Trial court abused its discretion by ruling a "no bond" for conditions under Tex. Const. Art. 1, subsection 11b; "...violated a condition of release related to safety of a victim of the alleged offense, or to safety of the community." Petitioner was not charged with safety of victim if the charge was failure to comply nor was the safety of the community at risk because alleged charge, cause number 179763401010, was presented and ruled upon previously by the Grand Jury, cause number 17797140101A-3, see exhibit A. Petitioner has never jumped bail and was present for every court date. State filed "Motion to Revoke" under cause number 166432601010 and awarded "No Bond" from cause number 179763401010. The record shows Petitioner was present for over three (3) years under cause number 166432601010 on bond before it was revoked in January 2023. Potentially, if alleged violations never existed, bond conditions under cause number 16643261010 was not violated. Monitor or restrictions was never given nor suggested.

3. Court failed to respond and abused its discretion by denying "Motion to Dismiss" for violations under 28.10(c) and 27.08(2) for cause number 166432601010 filed 12-1-2023. Petitioner filed "Motion to Dismiss": under cause number 166462601010 within ten (10) days, objecting to the amendment the State filed. The court failed to respond to a properly filed motion with the county clerk's office. Record reflects filing on 12-1-2023. Petitioner's motion has merit and reveals State's statue violations. To date, district court has abused their discretion by failing to rule or dismiss a legitimate and properly addressed motion. Assigned counsel, Joseph Ward, stated that Judge Lori Chambers-Gray mentioned, "it is a technicality." Petitioner assumes it does not matter that state statues and constitutional violations are evident; U.S.C.S. Constitutional Amendment(s) V & XIV; Art. 1, subsection 10; & Art. V subsection 10. State wanted trial for both causes at the SAME time. Regardless that the times of two alleged indictments are two years apart. Having both at the same time would NOT be impartial, but unfair. Id. U.S.C.S. Constitutional Amendment(s) V & XIV; T.C.C.P. Art. 11.43: Presumption of Innocence violated and if trial would occur, Art. 38.03, would be VIOLATED!

4. Court abused its discretion by failing to accept documents and proof of defective charging instrument on cause number 166432601010, that was initially set for trial 1-17-2023, but States' witness, S. Hester, did not and was not present nor respond to subpoena for 12-31-2019 alleged statement of address validity U.S.C.S. Constitutional Amendment VI violation. State's witness did not respond to subpoena and was not present on 1-17-2023, trial date. S. Hester, landlord for resident, filed for an eviction with the Harris County Precinct Office that was served to Petitioner at the residence by a county peace officer. Ms. Hester gave a statement that was used for cause number 166432601010, but State indicated through initial indictment that Petitioner NEVER lived at exhibit G. Petitioner moved from location at a much later date. After state discovered that Petitioner could and did validate address, before 1-17-2023 trial date, cause number 179763401010 was filed to revoke bond and possibly attempt to convict Petitioner. The record reveals non-returned subpoena and exhibit reveals proof of

residence. HPD division did verity and confirm for "2019" calendar date. Petitioner did not have the opportunity to confront State's witness. Violation: U.S.C.S. Const. Amend. VI.

5. Court failed to respond nor hold Evidentiary hearing, Art. 11.01 pretrial writ, that was properly filed with the County Clerk on 5-11-2023 for cause number 179763401010; containing Constitutional violations: U.S.C.S. Constitutional Amendment(s) V & XIV. Petitioner properly filed Tex. Crim. Code Proc. 11.01, Writ of Habeas Corpus on 5-11-2023, for cause number 179763401010. In said motion, Petitioner respectfully requested bond reduction and Evidentiary hearing, due to U.S.C.S. Const. Amend.(s) V, VIII, & XIV; and violations. In said motions section III, Petitioner explains the meritless refiling with cause numbers and malicious prosecution that continues to cause unusual punishment, to date, it has been eight (8) months since said filed Art. 11.01 and state statue Art. 11.60 requires execution within thirty-five (35) days. To date, an Evidentiary hearing has not been conducted, and assigned counsel stated that cause number 179763401010 had NOT been dismissed by Magistrate twice (2) nor the Grand Jury; see exhibit I. Previously, assigned defense counsel Edward A. Casanova, 1201 Mercury Drive, Ste. A. Houston, Tx 77029, @ edward.casanova052@gmail.com, states to Petitioner and family that this cause number was NEVER presented to the Grand Jury; see exhibit H. U.S.C.S. Const. Amend. VI, ineffective counsel. Defendant is being held on illegal barred charges that under Art. 11.15; writ granted without delay, because State and Court have suspended properly filed writs, under Art. 1.08; this IS NOT ALLOWED; AND presumption of Innocence , under Art. 11.43 gas been violated. Previous and instant motion satisfies Art. 11.14 requisites.

6. Court failed to respond to pro se "Motion to Expunge," and pro se "Motion to Quash" filed 6-6-2023, under cause number 179763401010; Art. 11.60; Art. 25.01; Art. 25.02; and U.S.C.S. Constitutional Amendments V & XIV. Petitioner filed motions "...Motion to Quash", & "....to Expunge", to be executed with Issue #5, Art. 11.01, Petitioner wanted said motions filed before assigned district court, would have conducted an Evidentiary hearing before (30th) day deadline, to date, these two motions have been ignored and not answered. Petitioner provided record reflections and pleadings with the court, to have ALL three (3), two said and one 11.01 Writ, to be ruled and GRANTED. However, the court abused its discretion and district attorney's office have dishonored Petitioner's law given rights for immediate relief. An Evidentiary hearing has been denied and the onslaught of Constitutional violations on State and Federal levels continue to date. Petitioner has yet to be served indictments for cause number 179763401010 and 166432601010; Art. 25.01 and Art. 25.02. Not serving these would impair a proper defense trial. Petitioner has been incarcerated for over two (2) years and yet to be served any official indictments. Harris County District Clerk's Office, Marilyn Burgess records reveal and confirm no such returned documentation.

7. Court abused discretions by failing to execute Art. 11.01 Writ filed under cause number 179763401010 within thirty-five (35) days; Art. 11.60 violation Petitioner filed "Motion to Dismiss with Prejudice," 6-20-2023. Petitioner filed "Motion to Dismiss with Prejudice," Exhibit D, on 6-20-2023. This was in response to the two issues previously presented in Issue #5 & #6; violations for Art.(s) 11.01; 11.60; 25.01; & 25.02. Petitioner explains chain of events for cause number 177971401010. The Magistrate dismissed indictment on 8-12-2022. The State appealed by filing a "Motion to Reinstate", on 9-14-2022. The Magistrate dismissed said motion on 9-15-2022; see Exhibit B. On 11-21-2022, the same probable cause and police report was filed and presented to the Grand Jury; abiding by Art. 12.06; see Exhibit A. The Grand Jury ruled and dismissed cause on 11-22-2022. Art. 12.06; states "at least NINE grand jurors concur in finding the bill, " ...The state will prepare the indictment and deliver it to the grand jury foreman." See: Tex. Code Crim. Proc. Arts. 20A, 301-302; Clifton v. State, 2023 Tx App.; Allen, 570 S.W. 3d at 799. An indictment is considered presented "when it has been duly acted upon by the grand..." Id. Art. 12.06; U.S.C.S. Const. Amend.(s) V & XIV, due process violations because the Grand Jury dismissed the cause. See Defendant's motion "...Petition for Disclosure...§20A.205..." "Motion for Constructive Notice...": Number(s) #4, 6, #10, #11, & 13. Harris County District Clerk's Office has recorded dismissals, Under Art.(s): 12.06, & 12.07 abidance. Nothing was returned or declared defective from Art.(s): 21.13, & 21.19. No Person SHALL BE TWICE put in JEOPARDY of life and limb for the same offense; U.S.C.A. Const. Amend. 5 & Amend. 7; T.C.C.P. Art.(s) 20A-301-302;1.10; &7.17; limitation; AND Art. 1 Sec. 10 of Tex. Const. However, in Amend. 7, no fact tried by a jury, shall be otherwise reexamined in ANY court of the United States, see Exhibit A. Id. See: Brown v. Ohio 432 U.S. 161 (1977): "attempts to relitigate the facts " was a Constitutional violation; and Exparte Goodman, 152 3d. 67, 71 (Tex. Crim. App. 2004)

8. Court abused its discretion by failing to grant "Motion to Dismiss", filed under cause number 179763401010 for a cause number presented and dismissed twice by Magistrate, cause number 177971401010 on 8-12-2022 and 9-15-2022, and Grand Jury on 11-21-2022 for cause number 17797140101A-3 for same charge, probable cause, police report: Art. 12.06; and Art(s). 20A, 301-302. U.S.C.S. Constitutional Amendment(s) V & XIV violations. The court abused its discretion by failing to GRANT the last motion filed by the Petitioner, "Motion to Dismiss" under cause number 179763401010. Petitioner has exhausted all NON-DISCRETIONARY PLEADINGS WITH THE DISTRICT COURT. Petitioner's supports previous issued #7, to minimize redundancy states that this is a sworn in Grand Jury. In State v. C.J.F 183 S.W. 3d 841; "...the rule that jeopardy attaches when the jury is in panel and sworn is an integral part of the Constitutional Guarantee against double jeopardy Id A defendant is now within the protection of the Constitution Guarantee against double jeopardy, because the right lies at the foundation of the federal rule that jeopardy attaches when the jury is in panel and sworn. See Christ 437 U.S.C.S. at 3698 S. Ct. at 2161; United States v Martin Linen Supply Co. 430, U.S. 564, 569; Serfass v. United States, 420 U.S. at 388. After jeopardy attaches any charge

that is DISMISSED, waive, abandoned...; may NOT be retried. [REFILED]: OR PRESENTED AS " DE NO'VO"!; Exparte Scelles, 511 S.W. 2d 300, 301 (Tex. Crim. App. 1974). Petitioner quotes in Exparte Willis, 2018 Tex. App. Lexis 1876; "Texas Court of Criminal Appeals has stated: ...jury "must" be empaneled or sworn; evidence was offered or received, ...". The Grand Jury is sworn and empaneled and the State is in clear violation. State filed the same probable cause; without any NEW evidence nor NEW probable cause a fourth time unpublished, current cause number 179763401010 to have another cause assigned as if NEVER ruled upon. Petitioner has been stalked by complainant and his family/clients are still being stalked while Petitioner is still incarcerated. Please see Police report, Houston Police Department number 1180155-23.

9. Court abuses its discretion by combining two different, separate alleged offenses for one trial Failing to Comply under cause number 166432601010 dated 2019 and Sexual Assault, under cause number 179763401010 dated 2021. Mr. Ward was in a collaboration and record shows ineffectiveness to be used by State and Court...16643260110 that have different "claim dates", three years apart. If, so this will not be an impartial trial. "Mr. Ward vacated, 9-5-2024, and failed to file any aforesaid motions but did receive fee vouchers for eleven (11) months. He failed to object to ANY FILINGS, Amendments, or file dismissals for barred causes under color of law, nor object to a "Phone and Visitation Restriction" on family for violating, T.R.E. Art. 801. Mr. Ward VIOLATED (C.J.S.), Corpus Juris Secundum, Vol. 7, Sec. 4; attorney and client NOT YEILDING TO JUSTICE!; and T.C.C.P. Art. 2.03; neglect of duty. Complainant for cause 17976340; Defendant filed "Motion to Investigate Claimant for Committing multiple counts...", where mentioned Tex. Penal Code Art. 42.072(1)(2)(D) since 2022; Art. 33.07(b); online harassment; Art. 22.041(c); child endangerment if allege allegations to true. Aforesaid habits under T.R.E. Art. 412(1)(c); & Art. 609 would be confirmed. State attorneys ARE SELECTIVE prosecuting Defendant without filing formal charges against complainant for witness and record supportive crimes. These are over two years apart, (please refer to Issues #2 and #4; trial date and bond removal). The petitioner pleads with this court, because he was recently informed by current counsel Joseph Ward that the court and state are going to trial on both cause numbers on the same date. Mr. Ward has yet to visit, prepare, or provide any documentation of incarceration or proof of records to be used by State. Petitioner was told that the State and Court will be going to trial at the same time with cause numbers 179763401010 and 166432601010. If so, this will not be an impartial trial. Complainant for cause number 179763401010 has stalked Petitioner for years to initiate and cause the cause number 166432601010 to be falsely filed by landlord. See HPD police report number 1180155-23. Said report reveals Complainant illegally assessing Petitioner's family member's medical reports and appointments. Complainant was waiting in Medical office of petitioners family member to arrive and confront. Hospital police staff escorted Complainant out of the building and away from Petitioner's relative.

10. State used three (3) malicious prosecution attempts to charge Petitioner for the same offense. First two had the same cause numbers that the State appealed. However, the

third attempt was intentionally unpublished and submitted without any reference to the (two) previous dismissals. The same probable cause, police report, and alleged offense was reviewed and ruled upon by Magistrates and Grand Jury. Petitioner had no knowledge of the third malicious filing, active cause number 179763401010, PRESENTED AS "DE NO' VO". This was submitted unpublished without any reference to three (3) dismissals by the Magistrates and one (1) from the Grand Jury. This said issue is not mere technicality undermining criminal activity. There was no law broken as defined by what was presented on Dismissed indictments. See Exhibits A & B. Is the Grand Jury lesser or not equal to a trial jury? Why is it called a Grand Jury if their decisions are undermined or NOT HONORED? This would be the biggest oxymoron to our United States Judicial System if the Grand Jury did not have nor possess greater authority than any other jury.

11. Petitioner has been stalked by Complainant. Furthermore, his family/clients are still being stalked by Complainant while Petitioner is incarcerated. Please see police report HPD report number 1180155-23. State refuses to file charges. As mentioned in issue #9, through HPD's police report number, Petitioner's family/clients are part of an ongoing delay in criminal charges on the Complainant. The State has acknowledged the criminal acts but refuses to execute a protective order to prevent possible further criminal activities. How many more array of activities need to occur to get the state or judicial party to act in favor of the Petitioner?

12. Petitioner U.S.C.S. Constitutional Amendment IV for wrongful arrest on a charge that was dismissed at the highest level in pretrial. Petitioner has exhausted all remedies at pretrial, by filing all motions and several pleas to the District Court. Petitioner's <u>U.S.C.S. Const. Amend IV</u> is being violated, Wrongful arrest under cause number 179763401010. As mentioned in Issues# 2, 5, 6, 7, 8, 10 & 11, Petitioner is being held captive to a cause that is part of a double jeopardy clause. This is wrongful imprisonment and Petitioner is pleading for immediate release. Petitioner has his bond revoked and is being held under illegal conditions. Is Petitioner guilty until he proves his innocence? Petitioner pleas with this court for immediate release.

13. Court abused its discretion by failing to reduce bond under cause number 179763401010 from $500K and reinstate personal non-arrest bond of $2500 from cause number 166432601010 posted three years ago. State filed motion to revoke for alleged charge that was dismissed three (3) times and then maliciously filed a fourth: <u>U.S.C.S. Constitutional Amendment VIII</u>, violation. As said in previous issues for cause number 166432601010 bond was revoked. However, for cause number 179763401010, bond was given at the amount of $500K and May 2023 for a cause that was previously ruled upon. <u>U.S.C.S. Const. Amend. VIII</u>; excessive bail shall not be required. The United States Constitutions provides that "excessive bail shall not be required,..." <u>Id. U.S.C.S. Amend. VIII</u>. This provision was made applicable to the states by the Due process clause of the Fourteenth Amendment, <u>Meadoux v. State, 325 S.W. 3d 189m 193</u> "Tex, Crim. App. 2010". Similarly the Texas Constitution provides that as well, the difference between the two, Eight Amendment's <u>Tex. Const. Art. 1 subsection 13</u> and Tex.

Constitution's phrasing is insignificant. Cantu v. State, 939 S.W. 2d 627, 645 "Tex. Crim. App. 1997". Half a million dollars is excessive and Petitioner pleads with this court for this to be entirely eliminated.

14. Double jeopardy exists for cause number 179763401010. This cause number contains the same probable cause and alleged charge as 177971401010; Magistrate dismissed 8-12-2022. Magistrate dismissed State's reinstate motion 9-15-2022, and Grand Jury dismissed cause number 177971401010A-3 on 11-22-2022: U.S.C.S. Constitutional Amendment(s) V, VII,

15. & XIV violations. As said in issue number 8, to minimize redundancy, to date since the establishment of our Constitution, challenging the Grand Jury's decision is unprecedented. It has been established to avoid miscarriage of our judicial system and to be held with the highest respect to those whom are in practice. Furthermore, redundant legal practices exceeded tax dollar, violates, citizens rights and exalts power struggles that is the definition of arrogance. Dogmatic practices are not accepted within our established judicial system, so why would Petitioner be a victim to it? Double jeopardy exits for cause number 179763401010 and the record reflects such fact. In Konchar v. State 938 S.W. 2d. 500; "...protect(s) defendant(s) from more than one prosecution for the same offense...". This extends the upmost revelation, and its evidence is undisputed. Petitioner pleas for said issue to GRANTED in favor of Petitioner.

16. Defendant filed "Motion to Dismiss" for cause numbers 1664326 &1797634 due to statute BARRED Limitations. However, State filed two (2) NEW BARRED charges 1867242 & 1867243, that the Magistrate dismissed for "Lack of Probable" cause, on May 8, 2024. This supports T.C.C.P. Art. 7.10, that is "No good reason to apprehend" an accused. Harris County Record shows defendant released on May 9, 2024. However, State's (DA) Barbara Phillips presented to the grand jury "De No 'Vo'", for two charges that were BARRED at the time presented under Art. 12.01(8), to date BARRED under, Art(s)12.01(8)(9); and 27.08(1)(2)(3), and , cause numbers 1664326, 1867242, 1867243 are nonviolent third (3rd) degrees with limitation of three (3) years. As mentioned, Statute Barred under, Art. 27.08(1)(2)(3); and 12.01(9). See motion to "Quash" and one of "M.T.D.(s)" filed, 1-2-2025 and 9-3-2024, respectively. Said statues were established to avoid excess expense of as dollars. However, is being held as RANSOM to date!

17. Defendant's thirty-five (35) plus motions that were filed; Under Title 42: Ch. 21: Sec. 1986: Certifiable Knowledge of the law: have yet to be answered or RULED UPON; U.S.C.A. Amend.(s) 1st,4th 5th,6th 7th 8th & 14th violations.

18. Defendant was not properly arrested and brought before a Magistrate for Arraignment; Violation: T.C.C.P. Art. 26.01. Defendant was never served indictments not recorded aforesaid through Harris County District Clerk for cause numbers 1664326 and

1797634; Violation T.C.C.P. Art.(s) 25.01, 25.02; 1.04; 1.05; & 15.17(d); and U.S.C.A. Const. Amend. VI: "...to be informed of the nature and cause of the accusation...". Defendant DID NOT Waive Arraignment, Under: Art. 26.011. Court failed to abide by; Art. 26.02.

19. State filed four (4) Amendments to all Statute BARRED causes. Defendant was NEVER notified or served said Amendments. See: Section I and II of motion to "...Petition Magistrate to Investigate Duties of District Attorney...". See: Perez v. State, 429 S.W. 3d. 639 (2014), and Ward v. State, 829 S.W. 2d. 787, were amended rights to Amendments and properly filed timely objections to ALL four (4) Amendments. In "Perez..." and "Ward...", no NOTICE and MAJOR ALTERING the language of the old charge, invades province of the Grand Jury. Something as small as a sentence or paragraph is classified as altering if, not under authorized, T.C.C.P. Art. 28. 10(c); Violations; U.S.C.A. Const. Amend.(s) IV, V, & VI; IV: "no probable cause, supported..."; V: "...compelled in any criminal case to be a witness against himself...no deprived...due process of law..."; AND VI "...to be informed of the nature and cause of the accusation...".

20. Illegally place on phone restriction and sole confinement with profile, combative, (MHMR), and capital murderers for not violating any Statutes or laws of the State. Defendant DID NOT violate a Protective Order, see "Motion to Admonish..." filed, 12-10-2024, and second filed 1-2-2025. State placed Defendant on said restrictions from a phone conversation with family to report illegal filings and barred violations of (DA) to Texas Bar in Austin. However, "There can be no sanction or penalty imposed upon one because of his exercise of Constitutional rights."; Sherar v. Cullen, 481 F. 945. Texas Bar was established to secure the rights of ALL CITIZENS within the State; Violating; T.R.E. Art. 802: inadmissible Hearsay; T.C.C.P. Art.(s): 1.09;16.21; & 43.24; and U.S.C.A. Const. Amend. VIII: unusual for cruel and unusual punishment.

21. See Motion to "Quash", filed, 1-2-2025, "Issue #3. Violation of Art. 27.08(1)(2)(3); cause, 1797634, establishes "claimed date", 10-18-2021. This is BARRED under JEOPARDY as well as Art.12.01(7)(8); See: Ex Parte Edwards, 663 S.W. 3d. 614(2022): Excluding three (3) exceptions over two (2) years; Art.(s) 12.01 (1)(c)(ii); (1)(c)(i)(a); & (1)(c)(b), that defendants can not be partakers nor is Defendant. State had/has two (2) years to go to trial from statute, September 1, 2023; Under Art. 7.17; Applies to two (2) year statute of limitation for declared procedures and bond.

22. Defendant was on bond for three (3) years on cause number 16643263 As of, 11-15-2023, Defendant was given "NO BOND "from BARRED charge(s) filed from, 12-5-2022, See, Issues #14 & #20 of instant motion. Defendant has not had a bond or reduction of Bond in two (2) years. According to State statute, ALL defendants are entitled to bond review every ninety (90) days. Defendant is being held on illegal barred charges that, under Art. 11.15, writ granted without delay, because State and Court have suspended properly filed Writ; under T.C.C.P. Art. 1.08: this is NOT ALLOWED! and;

presumption of innocence: under Art. 11.43 has been violated. Previous and instant motion fulfills, Art. 11.11 requisites. Under, Art. 11.24, bail is excessive and is entitled to a personal bond. Defendant is being deprived due course of law under Art. 1.04 of T.C.C.P.; Violating; U.S.C.A. Const. Amend. VIII: "excessive bail...".

## IV.

## PRAYER

Defendant is being illegally restrained by aforesaid meritless refiling, State barred Limitations, Jeopardy, and subjected to malicious prosecution which is causing unusual punishment; violating: U.S.C.A. Const. Amend. VIII. No person shall be twice put in jeopardy of life or limb for the same offense; Violating U.S.C.A. Const. Amend. V; No fact tried by jury shall otherwise be reexamined by any court in the United States; Violating U.S.C.A. Const. Amend. VII; AND ALL Aforesaid State Statutes of instant motion.

## V.

WHEREFORE, Defendant prays that the court issue the Writ of Habeas Corpus. This is the third(3rd) filing. Conduct a hearing if needed, within the required thirty (30) days, under Art. 11.60, by June 5, 2025. Thereon ordered discharged from illegal custody, expunge ALL four (4) causes, and GRANT motion for "Early Termination" in behalf of Defendant.

"WITHOUT PREJUDICE UCC 1-308"

Duwayne Charles Shackelford

Respectfully submitted this the 30th day of April, 2025

INMATE DECREE

"In, Duwayne Shackelford, spn#01156562, presently incarcerated in Harris County jail, Harris County Texas declare under penalty of perjury that the foregoing is true and correct".

Executed on 4-30-25

"WITHOUT PREJUDICE UCC 1-308"

______________________
Duwayne Charles Shackelford

## ORDER

On this the ____ day of ______________, 2025, came to be heard Defendant's motion, and it appears to this court that it should be:

GRANTED ________________

DENIED ________________

and it is so ordered.

______________________
JUDGE

**Certificate of Service**

I, Duwayne Shackelford, certify in this motion and know the contents of this writ and according to my belief the facts stated are true. This motion was properly prepared and mailed to Harris County District Clerk's office by mail in order to be properly stamped, filed, and forwarded to all parties by confirmed electronic delivery:

1) Harris County District Court #262, Lori Chambers Gray
2) Harris County District Attorney's Office: c/o Gordon
3) And currently assigned counsel: W. Carter

However, a stamped proof copy is requested to be forwarded to Defendant by legal first class mail to the following:

Duwayne Shackelford, spn# 01156562
1200 Baker Street JA09 2J1-W
Houston, Texas 77002

"WITHOUT PREJUDICE UCC 1-308"

Duwayne Charles Shackelford

Executed on 4-30-25

# EXHIBIT A.



# EXHIBIT B:


The State of Texas vs. SHACKELFORD, DUWANE
Preview Docket Sheet
Case (Cause) Summary
Defendant Details
The Current Presiding Judge

P.O. Box 300384
Houston, Tx 77230

7021 0950 0001 4060 0403

Retail

U.S. POSTAGE PAID
FCM LG ENV
HOUSTON, TX 77054
MAY 13, 2025

77210

$11.26

RDC 99

S2324P508189-2

RETURN RECEIPT
REQUESTED

Harris County District Clerk's Office
Attn: Marilyn Burgess
P.O. Box 4651
Houston, Tx 77210-4651

FIL
MARILYN
DISTRIC
HARRIS CO

2025 MAY 2 9: 39

MAIL PROCESSING CLERK C

**Appeals Dismissed and Memorandum Opinion filed July 31, 2025**

**In The**

# Fourteenth Court of Appeals

**NO. 14-25-00439-CR**
**NO. 14-25-00440-CR**
**NO. 14-25-00441-CR**
**NO. 14-25-00442-CR**

**EX PARTE DUWAYNE CHARLES SHACKELFORD**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1664326, 1797634, 1867242, 1867243**

## MEMORANDUM OPINION

Appellant, proceeding pro se, appeals the trial court's orders denying his article 11.08 applications for writ of habeas corpus. *See* Tex. Code Crim. Pro. Art. 11.08. Appellant filed a pro se brief with 21 issues. Many of his issues are related to the trial court's alleged failure to rule on pro se motions filed by appellant while he was represented by counsel[1]. Appellant also complains that the trial court failed

[1] A trial court has no legal duty to rule on a pro se motion filed by a defendant

to set the underlying application for writ of habeas corpus for a hearing. We dismiss the appeal for lack of jurisdiction.

An applicant cannot appeal from a trial court's refusal to issue or grant a writ of habeas corpus, but may appeal the denial of relief on the merits of the application. *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001) (citing to *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva v. State*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (explaining that the rule governing appellate review as clarified in *Hargett* no longer applies to article 11.072 applications for a writ of habeas corpus filed by a person who is serving or who has served a community supervision term)).[2] We must therefore examine whether the trial court considered and resolved the merits of appellant's habeas application. *See Bowers*, 36 S.W.3d at 927.

The trial court signed two orders in each case denying appellant's applications. In one order, the trial court checked a box stating it was denying the motion. The trial court also signed an order prepared by appellant in which the trial court stated the application was denied and added "Mr. Shackelford has filed motions without consent of his counsel and without his counsel adopting his motions. The Court declines to give merit to Mr. Shackelford's pro se filings at a time when is represented by counsel." The trial court did not hold a hearing on the applications. Here, it is clear that the trial court decidedly did not address the merits of appellant's pro se applications for writ of habeas corpus. Therefore, we dismiss these appeals for lack of jurisdiction. *See id.*

---

represented by counsel. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

[2] Appellant brought the underlying application for writ of habeas corpus under article 11.08, "Applicant Accused of Felony," not under article 11.072, "Procedure in Community Supervision Case."

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Hart and Bridges.

Do Not Publish — Tex. R. App. P. 47.2(b).

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00442-CR
Trial Court Case Number: 1867243

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for Writ of Mandamus in the above cause.

**Panel consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

/s/ Deborah M. Young, Clerk

cc:

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00441-CR
Trial Court Case Number: 1867242

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for Writ of Mandamus in the above cause.

**Panel consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

/s/ Deborah M. Young, Clerk

cc:

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00440-CR
Trial Court Case Number: 1797634

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for Writ of Mandamus in the above cause.

**Panel consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

/s/ Deborah M. Young, Clerk

cc:

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

RE: Court of Appeals Number: 14-25-00439-CR
Trial Court Case Number: 1664326

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for Writ of Mandamus in the above cause.

**Panel consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

/s/ Deborah M. Young, Clerk

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

RE: Court of Appeals Number: 14-25-00439-CR
Trial Court Case Number: 1664326

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for rehearing in the above cause.

**Panel Consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

Deborah M. Young,
Clerk of the Court

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

THE STATE OF TEXAS

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00440-CR
Trial Court Case Number: 1797634

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for rehearing in the above cause.

**Panel Consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

Deborah M. Young

Deborah M. Young,
Clerk of the Court

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

THE STATE OF TEXAS

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00441-CR
Trial Court Case Number: 1867242

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for rehearing in the above cause.

**Panel Consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

Deborah M. Young

Deborah M. Young,
Clerk of the Court

FILE COPY

Justices
KEN WISE
KEVIN JEWELL
RANDY WILSON
BRAD HART
TONYA MCLAUGHLIN
CHAD BRIDGES
KATY BOATMAN
MARITZA M. ANTÚ

THE STATE OF TEXAS

Chief Justice
TRACY CHRISTOPHER

Clerk
DEBORAH M. YOUNG, CLERK OF THE COURT
PHONE 713-274-2800

# Fourteenth Court of Appeals

301 Fannin, Suite 245
Houston, Texas 77002

Tuesday, September 16, 2025

Duwayne Charles Shackelford
SPN#01156562
1200 Baker Steet
2J1-W
Houston, TX 77002

Jessica Alane Caird
Harris County District Attorney's Office
Chief Assistant District Attorney
1201 Franklin St., 6th floor
Houston, TX 77002
* DELIVERED VIA E-MAIL *

RE: Court of Appeals Number: 14-25-00442-CR
Trial Court Case Number: 1867243

Style: Ex Parte Duwayne Charles Shackelford

Please be advised that on this date the Court **DENIED APPELLANT'S** motion for rehearing in the above cause.

**Panel consists of Chief Justice Christopher and Justices Hart and Bridges.**

Sincerely,

Deborah M. Young

Deborah M. Young,
Clerk of the Court

cc:

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** | **COA No. 14-25-00439-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** | **Tr. Ct. No. 1664326**
**PD-0575-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

STATE PROSECUTING ATTORNEY
STACEY SOULE
PO BOX 13046
AUSTIN, TX 78711
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** — **COA No. 14-25-00439-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** — **Tr. Ct. No. 1664326**
**PD-0575-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

EX PARTE DUWAYNE CHARLES SHACKELFORD
HARRIS COUNTY JAIL - # 01156562
1200 BAKER ST.
HOUSTON, TX 77002

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00439-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1664326**
**PD-0575-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

14TH COURT OF APPEALS CLERK
301 FANNIN, SUITE 245
HOUSTON, TX 77002-7006
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00439-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1664326**
**PD-0575-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

DISTRICT ATTORNEY HARRIS COUNTY
APPELLATE SECTION
1201 FRANKLIN ST. STE. 600
HOUSTON, TX 77002-1901
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00440-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1797634**
**PD-0576-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

14TH COURT OF APPEALS CLERK
301 FANNIN, SUITE 245
HOUSTON, TX 77002-7006
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00440-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1797634**
**PD-0576-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

DISTRICT ATTORNEY HARRIS COUNTY
APPELLATE SECTION
1201 FRANKLIN ST. STE. 600
HOUSTON, TX 77002-1901
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00440-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1797634**
**PD-0576-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

STATE PROSECUTING ATTORNEY
STACEY SOULE
PO BOX 13046
AUSTIN, TX 78711
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00440-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1797634**
**PD-0576-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

EX PARTE DUWAYNE CHARLES SHACKELFORD
HARRIS COUNTY JAIL - # 01156562
1200 BAKER ST.
HOUSTON, TX 77002

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** | **COA No. 14-25-00441-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** | **Tr. Ct. No. 1867242**
**PD-0577-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

14TH COURT OF APPEALS CLERK
301 FANNIN, SUITE 245
HOUSTON, TX 77002-7006
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00441-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867242**
**PD-0577-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

DISTRICT ATTORNEY HARRIS COUNTY
APPELLATE SECTION
1201 FRANKLIN ST. STE. 600
HOUSTON, TX 77002-1901
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

COURT OF CRIMINAL APPEALS

**9/17/2025** **COA No. 14-25-00441-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867242**
**PD-0577-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

EX PARTE DUWAYNE CHARLES SHACKELFORD
HARRIS COUNTY JAIL - # 01156562
1200 BAKER ST.
HOUSTON, TX 77002

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00441-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867242**
**PD-0577-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

STATE PROSECUTING ATTORNEY
STACEY SOULE
PO BOX 13046
AUSTIN, TX 78711
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00442-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867243**
**PD-0578-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

STATE PROSECUTING ATTORNEY
STACEY SOULE
PO BOX 13046
AUSTIN, TX 78711
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00442-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867243**
**PD-0578-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

14TH COURT OF APPEALS CLERK
301 FANNIN, SUITE 245
HOUSTON, TX 77002-7006
* DELIVERED VIA E-MAIL *

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00442-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867243**
**PD-0578-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

EX PARTE DUWAYNE CHARLES SHACKELFORD
HARRIS COUNTY JAIL - # 01156562
1200 BAKER ST.
HOUSTON, TX 77002

FILE COPY

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

**9/17/2025** **COA No. 14-25-00442-CR**
**SHACKELFORD, EX PARTE DUWAYNE CHARLES** **Tr. Ct. No. 1867243**
**PD-0578-25**

On this day, the Appellant's Pro Se petition for discretionary review has been refused.

Deana Williamson, Clerk

DISTRICT ATTORNEY HARRIS COUNTY
APPELLATE SECTION
1201 FRANKLIN ST. STE. 600
HOUSTON, TX 77002-1901
* DELIVERED VIA E-MAIL *

[illegible]
P. O. Box 300384
Houston, Tx 77230

Retail

U.S. POSTAGE PAID
PM
HOUSTON, TX 77025
OCT 02, 2025

70130

$22.35

RDC 03

S2324A502673-19

RETURN RECEIPT REQUESTED

RETURN RECEIPT REQUESTED

RETURN RECEIPT REQUESTED

U.S. Court of Appeals for 5th Circuit
600 S. Maestri Place, Ste 115
New Orleans, La. 70130-3408

RETURN RECEIPT REQUESTED

RETURN RECEIPT REQUESTED