United States District Court
Southern District of Texas
ENTERED
August 07, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DUWANE SHACKELFORD a/k/a DUWAYNE SHACKELFORD a/k/a DWAYNE SHACKELFORD, SPN # 01156562, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-5276 |
| ED GONZALEZ, | § | |
| Respondent. | § | |

**ORDER TO ANSWER**

Duwane Shackelford, a/k/a Duwayne Shackelford, a/k/a Dwayne Shackelford, is a pretrial detainee in the Harris County Jail. Proceeding *pro se*, the petitioner filed a petition under 28 U.S.C. § 2241 seeking a writ of habeas corpus (Dkt. 6). After reviewing the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court **ORDERS** as follows:

1. The respondent must file an answer to the petition (Dkt. 6), in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **October 15, 2026.** The respondent may elect to file a dispositive motion in place of an answer, if appropriate. The respondent must forward a copy of his filing to the petitioner.

2. In addition to any defense (in law or fact) to each claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which

the petitioner is held and, if held under the order or judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those orders or judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies. The respondent's answer must be accompanied by copies of relevant documents from any state-court proceedings.

3. Unless otherwise instructed by the Court, each party must serve the other party, or counsel, with a copy of every pleading, letter, or other document submitted for consideration by the Court. Every pleading or document filed with the Clerk of Court must contain a signed certificate stating the date that the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate may subject the petitioner to sanctions by the Court.

4. There will be no direct communications with the district judge or magistrate judge. Communications with the Court must be submitted to the Clerk with copies to the other party.

5. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner must file any reply within **30 days** of the date reflected on the certificate of service. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The petitioner must notify the court of any change of address by filing a written notice of change of address with the Clerk. The petitioner must also notify any counsel of record for the respondent. Petitioners in the Harris County Jail must also inform the Court of any change in cell assignment. Failure to provide such notice may result in this case being dismissed for want of prosecution.

7. The petitioner's motion for leave to proceed *in forma pauperis* (Dkt. 7) is **DENIED as moot** because the petitioner has paid the fee.

8. The petitioner's motion to expedite a ruling and for emergency injunctive relief (Dkt. 8) is **GRANTED in part** to the extent stated above and otherwise **DENIED**. The petitioner makes no showing for emergency injunctive relief and does not clearly state the relief he seeks.

9. The petitioner's motion for early termination (Dkt. 9), which refers to state court proceedings, is **DENIED** as premature. Among other issues, at this time the Court does not have a sufficient record to rule on the motion.

10. The petitioner's emergency motion for constructive notice of direct violations (Dkt. 10), which seeks relief from state court proceedings, is **DENIED** at this time. Among other issues, the Court does not have a sufficient record to rule on the motion.

8. **The Clerk will serve a copy of the petition (Dkt. 6) and this order by certified mail, return receipt requested, and electronically if appropriate, upon (1) the respondent, Sheriff Ed Gonzalez, 1200 Baker Street, Houston, Texas 77002; (2) the Harris County Attorney's Office, 1010 Lamar, 11th Floor, Houston, TX 77002; and**

**(3) the Harris County District Attorney's Office, 1201 Franklin, Suite 600, Houston, TX 77002.**

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on August 7, 2026.

George C. Hanks Jr.
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE